MARYHEW ET AL., APPELLANTS, *v.* YOVA, APPELLEE.

[Cite as Maryhew *v.* Yova (1984), 11 Ohio St. 3d 154.]

(No. 83-207—Decided June 20, 1984.)

*Mr. John W. Gall* and *Mr. David Hazelkorn,* for appellants.

*Messrs. Richards, Ambrosy & Fredericka, Mr. Charles L. Richards* and *Mr. James A. Fredericka,* for appellee.

HOLMES, J., It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure.[1]

In the present case, service was not perfected upon the defendant and there was not a specific written waiver of service pursuant to Civ. R. 4(D).[2] Also, there was not a voluntary entry of appearance on behalf of the defendant by way of an entry of the court, or a responsive pleading to the merits of the case. Therefore, the question presented is whether the two requests by defendant's counsel, as granted by the trial court, for leave to move or otherwise plead in the action, constitute a waiver of the affirmative defense of lack of personal jurisdiction over the defendant. We answer such inquiry in the negative for the reasons set forth below.

Prior to the adoption of the Rules of Civil Procedure, appearances were classified as either special or general. A special appearance was one made solely for the purpose of objecting to the mode, manner, or absence of the acquisition of jurisdiction over the person of the defendant. In such an appearance, the defendant did not submit to the jurisdiction of the court. Conversely, a general appearance was a voluntary submission of the defendant to the jurisdiction of the court by some act on his part other than presenting an objection to the jurisdiction of the court over his person. This type of an appearance was construed to be a recognition that the case was properly before the court.

To resolve the question presented, we no longer need to look to the facts in order to determine whether there has been a special or general appearance. Today we only have a general appearance under the Rules of Civil Procedure. To determine whether the trial court obtained personal jurisdiction over the defendant, pursuant to those rules, we need only address whether there has been a waiver of the jurisdictional defenses, rather than the type of appearance.

In order for a judgment to be rendered against a defendant when he is

---

[1] A quite exhaustive analysis of Civ. R. 12 and rules concerning waiver, as well as other Civil Rules, may be found in Browne, Ohio Rule 8(C) and the Related Rules: Some Notes on Pleading of Affirmative Defenses (1978), 27 Cleve. St. L. Rev. 329.

[2] Civ. R. 4(D) provides: "Service of summons may be waived in writing by any person entitled thereto under Rule 4.2 who is at least eighteen years of age and not under disability."

not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense.

A number of the Civil Rules must be reviewed in answering the question before us. We first refer to Civ. R. 3(A) which provides that an action is commenced when service has been effected upon the defendant within one year from the filing of the action. The philosophy of such rule is that court dockets should be cleared if service has not been attained within the reasonable time of one year.

An action may be dismissed when service of process has not been obtained after the passage of more than one year. *Lash* v. *Miller* (1977), 50 Ohio St. 2d 63 [4 O.O.3d 155]. Such was the status of the case *sub judice*. No action having been commenced, there was no obligation upon this defendant under the Civil Rules to move or otherwise plead within the year and her failure to do so would not have waived her right to the affirmative defense of lack of personal jurisdiction. Inaction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action, does not dispense with the necessity of service. *Haley* v. *Hanna* (1915), 93 Ohio St. 49. The Civil Rules do not change this common law of Ohio.

However, the defendant did come into court, through counsel, on two occasions to request the trial judge for the right to move or otherwise plead. We must now turn to answer whether this constituted a waiver of the affirmative defenses.

Civ. R. 12(B) prescribes the manner of presenting affirmative defenses. The rule provides that "[e]very defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion * * *." The excepted defenses are lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, failure to join a party under Civ. R. 19 or 19.1. Therefore, the rule gives the pleader an option to assert the defense of lack of jurisdiction over the person either by way of a motion prior to any pleading or in the responsive pleading to the complaint.

In the consideration of the question presented here, Civ. R. 12(B) must be read in conjunction with Civ. R. 12(G) and (H). Civ. R. 12(G) provides, in pertinent part, that "[a] party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. * * *" Civ. R. 12(H), in part provides: "(1) A defense of lack of jurisdiction over the person, * * * is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereto permitted by Rule 15(A) to be made as a matter of course."

The appellants argue that by obtaining the two orders for leave to move or plead, defendant voluntarily waived service of process. However, as noted,

the record does not show a voluntary waiver of service in writing as required by Civ. R. 4(D). Additionally, the appellants in essence contend that the defendant had either entered a responsive pleading or, by way of the requests for leave to move or otherwise plead, had submitted motions to the court prior to a responsive pleading, which motions did not set forth the affirmative defense of lack of personal jurisdiction. Thus, appellants argue that the defendant waived such defense pursuant to Civ. R. 12(G) and (H).

We must reject appellants' argument for a number of reasons. First, requests for leave to move or otherwise plead do not constitute a responsive pleading. Civ. R. 7(A) sets forth the types of responsive pleadings which are contemplated by the Civil Rules. The record here shows no responsive pleading was made. Further, Civ. R. 7(B)(1) sets forth the definition of "motions" within the meaning of the Civil Rules. Such rule states that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. * * *" The requests to the trial court here were not in writing nor made during a hearing or trial. Technically, they would not be motions under the Civil Rules. More importantly, however, is the reasoning that such requests do not constitute motions made pursuant to Civ. R. 12(B), as referenced within Civ. R. 12(G) and which would result in a waiver of affirmative defenses under Civ. R. 12(H).

We are supported in this conclusion by a number of federal cases which have had occasion to interpret Fed. R. Civ. P. 12 which is comparable to the Ohio rule. In *Bartner* v. *Debiasse* (E.D.N.Y. 1957), 20 F.R.D. 355, the defendant obtained two extensions "to answer or otherwise move," and the court held that the defendant did not waive his right to assert lack of jurisdiction over his person. See, also, *Internatl. Union of Mine, Mill & Smelter Workers* v. *Tenn. Copper Co.* (E.D. Tenn. 1940), 31 F. Supp. 1015; *Puett Electrical Starting Gate Corp.* v. *Thistle Down Co.* (N.D. Ohio 1942), 2 F.R.D. 550; *Orange Theatre Corp.* v. *Rayherstz Amusement Corp.* (C.A. 3, 1944), 139 F. 2d 871, certiorari denied *sub. nom. Orange Theatre Corp.* v. *Brandt* (1944), 322 U.S. 740; *Juszczak* v. *Huber Mfg. Co.* (W.D.N.Y. 1953), 13 F.R.D. 434; *Emerson* v. *Natl. Cylinder Gas Co.* (D. Mass. 1955), 131 F. Supp. 299; *Marcus* v. *Textile Banking Co.* (S.D.N.Y. 1965), 38 F.R.D. 185; *Easterling* v. *Volkswagen of America, Inc.* (S.D. Miss. 1969), 308 F. Supp. 966; *Lynn* v. *Cohen* (S.D.N.Y. 1973), 359 F. Supp. 565.

Additionally, in the case of *Kaufman* v. *United States* (D.D.C. 1940), 35 F. Supp. 900, counsel for defendant obtained two stipulations that "the time within which the defendant may plead to the complaint herein be and the same hereby is extended." Although the plaintiff argued that this was a general appearance which waived jurisdictional defenses, the court ruled that under the Fed. R. Civ. P. 12(b), the defendant still reserved the right to claim the defense of lack of jurisdiction over his person. See, also, *Pacific Lanes, Inc.* v. *Bowling Proprietors Assoc. of America, Inc.* (D. Ore. 1965), 248 F. Supp. 347.

Finally, in *Spearman* v. *Sterling Steamship Co.* (E.D. Pa. 1959), 171 F.

Supp. 287, 289, the court stated the general rule that "obtaining a stipulation to extend time in which to answer is not a waiver of the defense of lack of jurisdiction of the person." However, in such case, under the facts, the court held that there had been a waiver because the defendant had called for and obtained the deposition of the plaintiff and then waited fifteen months before filing an answer.

In the instant case, there may be some indicia of legal gamesmanship on the part of the defendant and her counsel in knowing of, but not entering an appearance in, the action as filed by the plaintiffs in the circumstance of not needing extension of time, but yet procuring same. However, the duty to perfect service of process is upon the plaintiffs under the Civil Rules and may not reasonably be contested here that the plaintiffs have not carried out such duty.

This action had not been commenced in that service had not been effected upon the defendant during the one year following the filing of the complaint, there having been no waiver of the affirmative defense of lack of personal jurisdiction, and the statute of limitations having run on the claim. The trial court did not err in granting the defendant's motion to dismiss the action.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

W. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, C.J., C. BROWN and J.P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The decision of the court in this case allows a party to a civil action to avoid the merits of such action by employing delaying tactics for a sufficient period of time to allow the statute of limitations to run. For the following reasons I find such an allowance by the court to be improper. Therefore I dissent.

The function of service of process is to alert a party of the pendency of a lawsuit against him. Service may be obtained in varied forms pursuant to Civ. R. 4 and the provisions of the Ohio Revised Code, such as R.C. 2703.14. It is a fundamental principle that no judgment can be entered against a party when the court has not obtained *in personam* jurisdiction over that party. The service of process is the legal notice exercising and obtaining that jurisdiction.

Attack upon the manner of service of process has become a perverted channel of defense that has been manipulated by defendants. It has been a basis for deliberate stalling by defendants, through taking leaves to plead, and used for the purpose of misleading plaintiffs and avoiding resolution of legal conflicts on their merits by causing the statute of limitations to intervene during the stalling period. Under such facts defendants should be

estopped from denying service of process, and thereby profiting by their own deception. While no court should permit its authority to be extended over persons against whom it has no jurisdictional claim, it is also true that no court should forbid the resolution of conflicts on the merits of a case when the parties to the action are fully aware of its pendency, by some participation in the proceedings.

In the present case, the facts clearly demonstrate an abuse of the rules by the lower courts to allow a party to an action to avoid the merits of the case against her. The defendant has fully participated in the suit which was pending and, therefore, has submitted herself to the jurisdiction of that court. This is evidenced by the trial court's granting two oral requests of defendant to extend the time in which to move or plead. See 6 Corpus Juris Secundum (1975) 22, Section 18: "An appearance may either be express or it may arise by implication from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction * * *."

A party should not be allowed to seek the procedural benefits and protections of a court and then in turn avoid the jurisdiction of that court because of the protections and time extensions granted. In this case the procedural sequence of events reveals that the defendant intentionally sought two extensions of time to plead. In the meantime, the one-year period for effective service of process after filing the complaint under Civ. R. 3(A) expired, along with the intervening expiration of the two-year statute of limitations, thereby creating for defendant a basis for a Civ. R. 12(B)(2) and (5) dismissal of the action for insufficiency of service of process and lack of personal jurisdiction over defendant, coupled with the bar of the statute of limitations. It is apparent from the facts that the one-year period for perfecting service of process on defendant expired on November 6, 1981. Approximately three weeks later, on December 1, 1981, the defendant moved to dismiss for the reasons above stated. This motion to dismiss was four and one-half months after defendant's last extension of time to move or plead, which expired on July 15, 1981.

To avoid the resolution of a lawsuit on its merits when both parties are aware of the action and have presented themselves to the court, which includes a grant to defendant of two separate extensions to plead, evidenced by two court orders, is an abuse of the judicial process and a prostitution of that process and its purpose. See *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d 49 [18 O.O.3d 254], and *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403 [16 O.O.3d 436].

Moreover, the more just rule is that a motion, order or stipulation in the trial court for an extension of time to move or to plead constitutes a general appearance, making actual service unnecessary, and is a voluntary waiver of service of summons giving personal jurisdiction over the defendant. *Feldman Inv. Co.* v. *Connecticut General Life Ins. Co.* (C.A.10, 1935), 78 F. 2d 838, 847; *Emerson* v. *National Cylinder Gas Co.* (D. Mass. 1955), 131 F. Supp. 299.

Further, the defendant delayed attacking the sufficiency of service of process and jurisdiction over her person until after the statute of limitations had run, although defendant's counsel obviously knew of such irregularity before the one-year limitation period had expired for plaintiffs to perfect service of process. A delay of months in filing a motion to dismiss for insufficiency of service of process and for lack of jurisdiction over defendant, especially where the two-year statute of limitations has run in the meantime, is not using the keys to the courthouse promptly and should result in a denial of the motion. *Spearman* v. *Sterling Steamship Co.* (E.D. Pa. 1959), 171 F. Supp. 287; *Tresway Aero Inc.* v. *Superior Court* (1971), 5 Cal. 3d 431, 96 Cal. Rptr. 571, 487 P. 2d 1211.

The main purpose of service of process requirements in both federal and Ohio Rules of Civil Procedure is to provide notice to a defendant of a pending legal action and to the allegations involved in that action. This purpose requires defects in service of process to be disregarded coupled with a determination that *in personam* jurisdiction is acquired where there is actual notice evidenced by defendant's participation in the proceedings. *Nowell* v. *Nowell* (C.A.5, 1967), 384 F. 2d 951, 953-954; *Steinpreis* v. *Miller* (1966), 241 Md. 79, 215 A. 2d 737.

An exception to the general rule that an appearance does not waive objections to jurisdiction is when the defendant's appearance gives rise to some prejudice or detriment to the plaintiff, such as the expiration of the statute of limitations. *Blank* v. *Bitker* (C.A. 7, 1943), 135 F. 2d 962; *Spearman* v. *Sterling Steamship Co., supra,* at 289.

In this case, before the time limitation expired for the right of plaintiffs to perfect service of summons, defendant's two oral requests for extensions of time to move or plead had expired. The oral requests for extensions to plead are the equivalent of a written motion by defendant to move or plead, and constitute an appearance giving *in personam* jurisdiction to the trial court over defendant without any need for service of process. *Standard Oil Co.* v. *Noble* (1982), 4 Ohio App. 3d 76; *Linder* v. *Community Dev. Assoc., Inc.* (Ohio App. 1974), [67 O.O.2d 314] 322 N.E. 2d 337.

Even if the requests for extensions of time to move or plead and the orders granting extensions do not waive jurisdictional defenses, it should be noted that defendant's motion to dismiss was not filed until December 1, 1981, four and one-half months after the defendant's second extension of time to plead had expired on July 15, 1981. It was filed without leave of court.

Defendant, therefore, failed to raise her jurisdictional defenses under her Civ. R. 12(B)(2) and (5) motion to dismiss in a timely fashion, filing it four and one-half months out of rule without leave of court. A pleading or motion, such as defendant's motion to dismiss, can only be served and filed with leave of court. If not so filed such motion or pleading is illegally on file and not a part of the record in the case. It is a nullity having no effect. Civ. R. 6(B)(2); *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209, 213-215 [16 O.O.3d 244]; cf.

*Westmoreland* v. *Valley Homes Corp.* (1975), 42 Ohio St. 2d 291 [71 O.O.2d 262]. Therefore, if the vehicle, a motion to dismiss in this case, asserting jurisdictional defenses is not timely the jurisdictional defenses are waived.

The basic legal principle that can be crystallized from the foregoing procedural sequence applicable to this case is as follows. Jurisdictional defenses available to the defendant are waived if they are not asserted within the time granted defendant to move or plead as extended by the journalized orders of court made under the provisions of Civ. R. 6(B). That time expired on July 15, 1981 for defendant and she had no right to file a motion to dismiss on December 1, 1981, raising any jurisdictional defenses. During the period that expired July 15, 1981, after the extensions of time to plead were granted, the defendant had available the jurisdictional defense of insufficiency of service of process of which she was fully aware and should have and could have asserted before July 15, 1981.

To conclude otherwise is to give *carte blanche* to keen defense lawyers to play a jurisprudential game of cat and mouse, promoting judicial chicanery, frustrating justice and the application of substantive law. It does violence to a basic tenet from the Apostle Paul: "The letter of the law killeth; the spirit giveth life."

I would therefore reverse the decision of the court of appeals and remand this cause to the trial court for further determination.

CELEBREZZE, C.J., and J.P. CELEBREZZE, J., concur in the foregoing dissenting opinion.