This matter comes before the court on appeal from an order of the Franklin County Court of Common Pleas granting a motion for pre-trial discovery filed by petitioner, Westfield Insurance Company. Defendant, Universal Underwriters Group, raises the following assignments of error:
 1. The trial court committed error as a matter of law in issuing an order requiring the Universal Underwriters Group to produce a copy of a certain insurance policy as requested in the petition of the Westfield Insurance Company because the Westfield Insurance Company did not meet all of the requirements of Civ.R. 34(D).
 2. The trial court committed error as a matter of law in issuing its order of July 31, 1998, without permitting the Universal Underwriters Group an opportunity to oppose the petition of the Westfield Insurance Company.
 3. The order of the trial court entered on July 31, 1998, ordering the Universal Underwriters Group to produce a certain policy of insurance as requested in the petition of the Westfield Insurance Company is void as the Westfield Insurance Company did not obtain service of summons upon the Universal Underwriters Group and the court lacked personal jurisdiction over the Universal Underwriters Group.
Civ.R. 34 provides a method whereby a party may, with court approval, compel limited pre-trial discovery in order to determine the identity of a potential adverse party. In order to do so, a party must comply with the procedural requirements of Civ.R. 34(D), which provides that the petition must include each of the following:
 (a) [A] statement of the subject matter of the petitioner's potential cause of action and the petitioner's interest in the potential cause of action;
 (b) [A] statement of the efforts made by the petitioner to obtain voluntarily the information from the person from whom the discovery is sought;
 (c) [A] statement or description of the information sought to be discovered with reasonable particularity;
 (d) [T]he names and addresses, if known, of any person the petitioner expects will be an adverse party in the potential action; and
 (e) [A] request that the court issue an order authorizing the petitioner to obtain the discovery.
The rule also provides that the petition must be served according to one of the methods provided by the Ohio Rules of Civil Procedure for the service of summons. Civ.R. 34(D)(2). Assuming that service has been perfected and each of the aforementioned requirements have been satisfied, the trial court is allowed to issue an order authorizing the discovery only if it finds all of the following:
 (a) [T]he discovery is necessary to ascertain the identity of a potential adverse party;
 (b) [T]he petitioner is otherwise unable to bring the contemplated action; [and]
 (c) [T]he petitioner made reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought.
In this instance, the trial court clearly erred when it granted Westfield's motion for pre-trial discovery. For more than one hundred years the fundamental meaning of procedural due process has been clear. " 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' " Fuentes v.Shevin (1972), 407 U.S. 67, 80, quoting Baldwin v. Hale (1863),68 U.S. 223, 233. It is an equally elementary principle of law that a court lacks jurisdiction to enter judgment against a party where effective service of process has not been made upon that party. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156.
As noted, Civ.R. 34(D)(2) specifically requires that a petition seeking pre-trial discovery shall be served upon "an adverse party in the potential action, by one of the methods provided in these rules for service of summons." Pursuant to Civ.R. 4.1 and 4.4, service of summons may be accomplished by personal service, publication, residence service, or certified mail service only. Turning to the record, the certificate of service attached to Westfield's petition for discovery was not signed. Moreover, even if it had been signed, the certificate provides that the petition was served upon Universal by ordinary mail and not by one of the means set forth in Civ.R. 4.1 or 4.4. Additionally, the trial court granted Westfield's petition on the very same day it was filed. Thus, Universal was afforded neither notice nor an opportunity to be heard in violation of Universal's due process rights.
Finally, the court did not comply with the substantive requirements of Civ.R. 34(D)(3). As noted, the court is permitted to issue an order authorizing the requested discovery only if it finds: (a) that the discovery is necessary to ascertain the identity of a potential adverse party, (b) that the petitioner is otherwise unable to bring the contemplated action, and (c) that the petitioner has made reasonable efforts to obtain the information voluntarily. In this case there is clearly no claim by Westfield that the discovery sought from Universal is necessary to allow Westfield to ascertain the identity of an adverse party. Indeed, Westfield claims that the discovery is necessary to ascertain whether it has a cause of action against Universal. Furthermore, there does not appear to be any reason why Westfield would be precluded from bringing an action to assert potential claims against Universal. Thus, two of the three mandatory requirements of Civ.R. 34(D)(3) are clearly absent in this case.
For the foregoing reasons, this court hereby sustains Universal's assignments of error and remands this matter to the Franklin County Court of Common Pleas so that it may vacate its July 31, 1998 entry granting Westfield's petition.
Judgment reversed; cause remanded.
BROWN and TYACK, JJ., concur.