JOURNAL ENTRY AND OPINION
Lester Hassink, relator, commenced this habeas corpus action against respondent, Sheriff Gerald McFaul. He alleges he is being unlawfully detained in the Cuyahoga County jail pursuant to a contempt order based upon a Motion to Show Cause in a domestic relations case because he was never served with the Motion to Show Cause or any other notice. We sua sponte dismiss this complaint for the following reasons.
Section 2725.05 of the Ohio Revised Code provides, in relevant part, that "[i]f it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed." In the present case, the judgment entry of commitment attached to the complaint states that Hassink voluntarily appeared before Judge James P. Celebrezze on November 22, 1999. The judge then found him in contempt of prior orders of the court and sentenced him to thirty days in jail.
Personal jurisdiction is a necessary factor to render a judgment valid. Maryhew v. Yova (1984), 11 Ohio St.3d 154,464 N.E.2d 538. Personal jurisdiction may be acquired either by service of process or by voluntary appearances. Id. Hassink's voluntary appearance before the judge was sufficient to render Hassink's commitment valid for purposes of habeas corpus. It is well established that a writ of habeas corpus will not be issued if there is an adequate remedy at law available, such as an appeal. In re Piazza (1966), 7 Ohio St.2d 102, 218 N.E.2d 459;State ex rel Sadovskiy v. McFaul (Sept. 29, 1999), Cuyahoga App. No. 77020, unreported; State ex rel. Wynn v. McFaul (Feb. 5, 1998), Cuyahoga App. No. 73738, unreported. An order of contempt is a final appealable order for which an immediate appeal is available. R.C. 2705.09; see State ex rel. Lesher v. Kainrad
(1981), 65 Ohio St.2d 68, 418 N.E.2d 399. In conjunction with the filing of a notice of appeal, an appellant may seek an emergency motion for a stay of execution of the contempt punishment. See R.C. 2705.09; App.R. 7; Sadovskiy, supra; In re Tamburello (June 21, 1995), Cuyahoga App. No. 69147, unreported. Appeal is an adequate remedy in this case and the writ of habeas corpus, being an extraordinarty remedy, cannot be used as a substitute for an appeal. In re Hunt (1976) 46 Ohio St.2d 378, 348 N.E.2d 727;In re Piazza (1966), 7 Ohio St.2d 102, 218 N.E.2d 459;In re Hopple (1983), 13 Ohio App.3d 54, 468 N.E.2d 129.
The petition for writ of habeas corpus is dismissed. Costs to relator.
 _______________________________ ANNE L. KILBANE, JUDGE
ANN DYKE, J. and JAMES D. SWEENEY, J., CONCUR.