[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On October 13, 2000, plaintiff-appellant James L. Smith, Jr., filed a complaint against defendant-appellee Carolyn Carter seeking damages for injuries resulting from an automobile accident on October 30, 1998. Smith initially attempted to serve the complaint on Carter by certified mail, but it was returned unclaimed. A notice of unclaimed service was sent to Smith's counsel. Smith then attempted service by regular mail, but it was returned by the post office marked "Attempted Not Known." The envelope contained a further handwritten notation, "Don't Live Here." A notice of undelivered service was sent to Smith's counsel. In the meantime, Carter had filed an answer, asserting as an affirmative defense the lack of service of process and the insufficiency of service of process.
On November 5, 2001, Carter filed a motion to dismiss, pursuant to Civ.R. 12(B), on the ground that Smith had failed to obtain service within one year of the filing of the complaint, as required by Civ.R. 3(A). The trial court granted Carter's motion. This appeal followed.
In a single assignment of error, Smith claims that the trial court erred by granting Carter's motion to dismiss. Smith argues that, by participating in the case, Carter waived her affirmative defense of failure of service. We disagree.
Civ.R. 3(A) provides that "[a] civil action is commenced by filing of a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." An action may be dismissed when service of process has not been achieved after the passage of more than one year.[1] In this case, there is no dispute that Smith failed to serve Carter within a year of the filing of his complaint. There is also no dispute that Carter properly raised the affirmative defense of failure of service in her answer.
In Wise v. Qualified Emergency Specialists, Inc.,[2] the plaintiff similarly argued that the defendant had waived service of process when he answered the complaint and appeared at his deposition. This court held that, although the defendant had filed an answer, he had preserved in that answer his defenses of lack of jurisdiction and lack of service of process. "Since the action was never properly commenced against [the defendant] through proper service of process, the trial court did not have in personam jurisdiction over [the defendant]."[3]This court further stated as follows:
 [O]ne does not, by participating in a case, waive in personam jurisdiction once the defense of lack of proper service has been raised. See First Bank of Marietta v. Cline (1984), 12 Ohio St.3d 317, 466 N.E.2d 567, Maryhew v. Yova (1984), 11 Ohio St.3d 154, 464 N.E.2d 538. Therefore, [the defendant's] participation in the case, after he raised the defense of lack of service of process, did not act as a waiver of the service of process required for the commencement of a civil action.[4]
 As the Second District Court of Appeals has astutely observed, "[i]n Ohio it is not the defendant's job to assist the plaintiff in perfecting service of process upon the defendant. It is the plaintiff's burden to be sure that proper service is accomplished within the one year provided by law."[5]
Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann, and Winkler, JJ.
[1] See Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157, 464 N.E.2d 538, citing Lash v. Miller (1977), 50 Ohio St.2d 63, 362 N.E.2d 642.
[2] (Dec. 17, 1999), 1st Dist. No. C-980902.
[3] Id.
[4] Id.
[5] Bell v. Midwestern (1993), 89 Ohio App.3d 193, 624 N.E.2d 196.