OPINION
Defendants-appellants Custom Design Technologies, Inc. (hereinafter "Custom Design") and Atlantic Boulevard Limited Partnership (hereinafter "Atlantic Boulevard") appeal the June 21, 2001 Judgment Entry entered by the Canton Municipal Court, finding in favor of plaintiff-appellee John F. Stoffer and against appellants, following a jury trial.
 STATEMENT OF THE FACTS AND CASE
In August, 2002, appellee and Atlantic Boulevard entered into a Commercial/Industrial Real Estate Purchase Agreement for the purchase of real property located at 2720 Atlantic Boulevard, NE, Canton, Ohio ("Purchase Agreement"). Paragraph 6(c) of the Purchase Agreement provides: "All not attached misc. equipment and inventory to be removed by seller 30 days after closing. $5000 of seller's funds to be held in escrow and forfeited to buyer if items are not removed within 30 days along with the items. $5000 refunded to seller upon removal of items within 30 days of closing." The deed was recorded on December 13, 2000. Custom Design, through its duly authorized agent, Paul Lioi, executed the deed on behalf of Atlantic Boulevard. Custom Design is the general partner of Atlantic Boulevard.
Appellee sent written correspondence to Custom Design, attention Paul Lioi, on December 26, 2000. Appellee stated his understanding Lioi and/or Custom Design were the owners of CDT Choice Products Company ("CDT Choice"), which occupied approximately 4850 square feet of the building located on the 2720 Atlantic Boulevard, N.E. property. Appellee advised Lioi because there was no formal lease or rental agreement for the space, he had until February 1, 2001, to remove the contents belonging CDT Choice.[1] Appellee further informed Lioi the January, 2001 rent of $1,995 was due on or before January 1, 2001.
At the expiration of the thirty day period following the closing on the property, the unattached miscellaneous equipment and inventory had not been removed as required by Paragraph 6(c) of the Purchase Agreement. This miscellaneous equipment and inventory as well as trash occupied approximately 4850 square feet of the building. Appellee undertook the expense and effort of removing the trash. By late March, 2001, appellants had removed most of the equipment located inside the building. Outside storage tanks were not removed until April, 2001. Appellants did not pay any rent for the period the equipment and inventory occupied space in the building. Furthermore, pursuant to Paragraph 6(c) of the Purchase Agreement, appellants were to forfeit the equipment and inventory to appellee. However, appellants took possession of said items.
On May 28, 2001, appellee filed a Complaint in the Canton Municipal Court, naming CDT Choice, Custom Design, and Atlantic Boulevard as defendants. Count I alleged CDT Choice owed back rent to appellee. Count II alleged CDT Choice breached the purchase agreement by failing to surrender ownership of the miscellaneous equipment and inventory not timely removed from the building. Count III alleged Atlantic Boulevard had breached one or more of the covenants contained in the Purchase Agreement and/or Warranty Deed. Custom Design was named a defendant as a result of its position as general partner of Atlantic Boulevard. Summons and Complaints were served upon each of the appellants by certified mail, at the address of Attorney Andrew Michaels in Wadsworth, Ohio. Attorney Michaels, who serves as attorney for appellants herein, also serves as the statutory agent for Custom Design. On April 16, 2001, Atlantic Boulevard filed a Motion to Dismiss and Motion for Summary Judgment, asserting insufficiency of service of process as grounds. Custom Design also filed a Motion to Dismiss for failure to state a claim under Civ.R. 12(B)(6) and for lack of jurisdiction under Civ.R. 12(B)(2). Via Judgment Entry filed April 19, 2001, the trial court overruled Atlantic Boulevard's motions and Custom Design's motion to dismiss.
The matter proceeded to jury trial on June 20, 2001. After hearing all the evidence and deliberations, the jury returned verdicts in favor of appellee and against CDT Choice in the amount of $3,000; in favor of appellee and against Custom Design in the amount of $3,000, and in favor of appellee and against Atlantic Boulevard in the amount of $4,000. The trial court memorialized the verdicts in a Judgment Entry filed June 21, 2001.
It is from this judgment entry appellants appeal, raising the following assignments of error:
 "I. THE JUDGMENT AS AGAINST DEFENDANT-APPELLANT, ATLANTIC BOULEVARD LIMITED PARTNERSHIP IS VOID AB INITIO DUE TO LACK OF JURISDICTION IN THE CANTON MUNICIPAL COURT AS A RESULT OF LACK OF JURISDICTION OVER THE PERSON AND INSUFFICIENCY OF SERVICE OF PROCESS (CIV. R 12(B) 2; 12(B)(5) TRIAL EX. G — APPENDIX 7 — TRANSCRIPT PAGE 166).
 "II. THE JUDGMENT AS AGAINST DEFENDANT-APPELLANT ATLANTIC BOULEVARD LIMITED PARTNERSHIP IS VOID AB INITIO SINCE ATLANTIC BOULEVARD LIMITED PARTNERSHIP WAS DISSOLVED ON JANUARY 17, 2001 BY CERTIFICATE OF DISSOLUTION AND NOT IN EXISTENCE ON MARCH 28, 2001, THE DATE THE COMPLAINT WAS FILED IN THIS CASE (TRIAL EX. G — APPENDIX 7 — TRANSCRIPT PAGE 60; TRANSCRIPT PAGE 166).
 "III. THE JUDGMENT AS AGAINST DEFENDANT-APPELLANT, ATLANTIC BOULEVARD LIMITED PARTNERSHIP MUST FAIL IN THAT THE THERE WAS FAILURE OF PROOF OF THE ESSENTIAL ALLEGATION THAT ATLANTIC BOULEVARD LIMITED PARTNERSHIP WAS A PARTNERSHIP IN EXISTENCE ON MARCH 28, 2001 WHEN THE COMPLAINT WAS FILED, AND MARCH 30, 2001 WHEN SERVICE OF PROCESS WAS ATTEMPTED (MOTION TO DISMISS WITH AFFIDAVIT — APPENDIX 3).
 "IV. THE JUDGMENT AS AGAINST DEFENDANT-APPELLANT ATLANTIC BOULEVARD LIMITED PARTNERSHIP MUST FAIL IN THAT THE TRIAL EVIDENCE FAILED TO PRODUCE EVIDENCE OF LIABILITY AS AGAINST DEFENDANT-APPELLANT, ATLANTIC BOULEVARD LIMITED PARTNERSHIP (TRANSCRIPT PAGES I THROUGH 142).
 "V. THE CLAIM AS AGAINST DEFENDANT-APPELLANT, ATLANTIC BOULEVARD LIMITED PARTNERSHIP OF BREACH OF ONE OR MORE OF THE COVENANTS CONTAINED IN THE GENERAL WARRANTY DEED AND/OR THE PURCHASE CONTRACT MUST FAIL FOR LACK OF PROOF OF SUCH BREACH AND LACK OF DAMAGES FOR SUCH BREACH(WARRANTY DEED — APPENDIX 6; PURCHASE CONTRACT — APPENDIX 11).
 "VI. THE JUDGMENT AS AGAINST DEFENDANT-APPELLANT, CUSTOM DESIGN TECHNOLOGIES INC., MUST FAIL IN THAT THE COMPLAINT FAILS TO SET FORTH A CAUSE OF ACTION AS AGAINST CUSTOM DESIGN TECHNOLOGIES INC., (CIVIL RULE 12(B)(6), COMPLAINT — APPENDIX 5 — MOTION TO DISMISS — APPENDIX 4).
 "VII. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED THE MOTION TO DISMISS THE COMPLAINT AS AGAINST CUSTOM DESIGN TECHNOLOGIES INC. FOR FAILURE TO STATE A CLAIM (MOTION TO DISMISS — APPENDIX 4; ORDER — APPENDIX 2; CIVIL RULE 12(B)(6).
 "VIII. THE JURY VERDICTS AS AGAINST CUSTOM DESIGN TECHNOLOGIES INC. AND ATLANTIC BOULEVARD LIMITED PARTNERSHIP ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE (TRANSCRIPT PAGES I THROUGH 142)."
Any other facts relevant to our analysis and disposition of appellants' assignments of error shall be contained therein.
 I, II, III
As appellants have addressed the first three assignments of error together in their brief to this Court, we shall proceed in the same manner for ease of discussion. In the first assignment of error, Atlantic Boulevard maintains the judgment against it is void ab initio due to the trial court's lack of personal jurisdiction and insufficiency of service of process. In the second assignment of error, Atlantic Boulevard contends the judgment against it is void ab initio as the limited partnership was dissolved on January 17, 2001; therefore, it was not in existence at the time of the filing of the complaint. In the third assignment of error, Atlantic Boulevard asserts the evidence presented at trial failed to prove Atlantic Boulevard was a partnership in existence on the day in which the complaint was filed and when service of process was attempted.
Civ.R. 4.2 provides: "Service of process * * * shall be made as follows: * * * (G) upon a partnership * * * by serving the entity by certified or express mail at any of its usual places of business or serving a partner, limited partner, manager, or member."
At trial, Paul Lioi, current President and former Vice President of Sales of Custom Design, testified Custom Design was the general partner of Atlantic Boulevard. Attorney Michaels is the statutory agent for Custom Design. We find the service on Attorney Michaels constituted proper service upon Custom Design, and such service upon the general partner constituted proper service upon the limited partnership pursuant to Civ.R. 4.2(G).
In addressing Atlantic Boulevard's personal jurisdiction challenge, we note a trial court may obtain personal jurisdiction over a defendant via service of process. See, Maryhew v. Yova (1984), 11 Ohio St.3d 154,156. Because we found service of process was complete, we further find the trial court obtained personal jurisdiction over Atlantic Boulevard.
Atlantic Boulevard's second and third assignments of error address the effect of the alleged dissolutionment of the limited partnership on January 17, 2001. Although Atlantic Boulevard introduced a Certificate of Dissolution at trial, the testimony established Atlantic Boulevard did not follow the necessary procedures to complete the dissolutionment. R.C. 1783.11 requires notice of a dissolution be given by publication in two newspapers, published in the proper city or county, at least six consecutive times. Atlantic Boulevard presented no evidence that this notice requirement was satisfied. Furthermore, the evidence failed to establish the Certificate of Dissolution was filed with the Secretary of State as required by R.C. 1782.10 and 1782.13.
Assuming, arguendo, the limited partnership was properly dissolved, such does not extinguish the existing liabilities of the partnership. R.C. 1775.35(A); Riley v. Clark (Nov. 10, 1999), Scioto App. No. 98CA2629.
Having found Atlantic Boulevard was effectively served with the complaint, which gave the trial court personal jurisdiction over the limited partnership, as well as the fact the dissolutionment, assuming properly completed, did not extinguish Atlantic Boulevard's liability, we find the judgment against Atlantic Boulevard is not void ab initio.
Atlantic Boulevard's first, second, and third assignments of error are overruled.
 IV, V
In its fourth and fifth assignments of error, Atlantic Boulevard essentially raises a manifest weight of the evidence claim. Atlantic Boulevard asserts the judgment against it must fail because the evidence at trial did not establish liability, breach, or damages.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279.
As set forth supra, Paragraph 6(c) of the Purchase Agreement required the seller, i.e., Atlantic Boulevard, to remove all not attached miscellaneous equipment and inventory within thirty days after the closing. Failure to remove the equipment and inventory resulted in $5000 of the Atlantic Boulevard's funds, as well as the miscellaneous equipment and inventory, be forfeited to buyer, i.e., appellee.
The record reveals the closing date on the property was December 13, 2000. The thirty days passed and the equipment and inventory remained on the property. As a result, appellee incurred expenses in the removal of trash and clean up of the property. The equipment and inventory occupied 4850 square feet for which no rent was paid. Further, as stated supra, Atlantic Boulevard was to forfeit the equipment and inventory which it had failed to remove from the property. However, in late March, 2001, appellants removed the equipment and inventory from the property. Because Atlantic Boulevard agreed to undertake certain actions with respect to the property and failed to do so, we find Atlantic Boulevard breached its covenant, and as a result, appellee suffered damages. We find the judgment against Atlantic Boulevard was not against the manifest weight of the evidence.
Atlantic Boulevard's fourth and fifth assignments of error are overruled.
 VI, VII, VIII
In its sixth assignment of error, Custom Design challenges the judgment against it, arguing the complaint failed to set forth a cause of action against Custom Design. In its seventh assignment of error, Custom Design challenges the trial court's overruling its motion to dismiss pursuant to Civ.R. 12(B)(6). In the eighth assignment of error, Custom Design and Atlantic Boulevard challenge the jury's verdicts as against the manifest weight of the evidence.
Custom Design submits the evidence at trial failed to establish it was liable for damages to appellee. Custom Design notes it was not a party to the Purchase Agreement; therefore, could not be held liable for Atlantic Boulevard's failings. Appellee sued Custom Design in its capacity as general partner of Atlantic Boulevard. The record reveals representatives of Custom Design signed the Purchase Agreement and the Warranty Deed. R.C. 1782.24 provides: "(B) Except as otherwise provided in this chapter, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to persons other than the partnership and the other partners."
As the general partner of Atlantic Boulevard, Custom Design was liable for the debts of Atlantic Boulevard pursuant to R.C. 1782.24; therefore, the trial court properly overruled Custom Design's Civ.R. 12(B)(6) motion. Further, because representatives of Custom Design signed both the Purchase Agreement and the Warranty Deed, Custom Design accepted Atlantic Boulevard's responsibilities.
We now turn to appellants' argument the judgment against Custom Design and Atlantic Boulevard were against the manifest weight of the evidence. Our standard of review is set forth in our discussion of assignments of error four and five, supra.
Upon review of the entire record in this matter, we find the judgments were not against the manifest weight of the evidence. The record reveals an interrelationship between all of appellants. Additionally, Paul Lioi, in some manner or another, was involved with each of appellants, creating even more confusion as to the separateness of these entities. The record clearly reveals Custom Design's liability as the general partner of Atlantic Boulevard as well as Atlantic Boulevard's liability as the seller of the property. Accordingly, we do not find the judgments to be against the manifest weight of the evidence.
Appellants' sixth, seventh, and eighth assignments of error are overruled.
The judgment of the Canton Municipal Court is affirmed.
By: HOFFMAN, P.J. GWIN, J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court is affirmed. Costs assessed to appellants.
[1] CDT Choice was named a defendant in the underlying complaint. The jury found in found in favor of appellee, and against CDT Choice for back rent in the amount of $3,000. CDT Choice filed an appeal, but subsequently dismissed said appeal.