{¶ 17} I respectfully dissent from the majority opinion which "reassesses [this court's] previous position" in Holloway v.Gen. Hydraulic, Cuyahoga App. No. 82294, 2003-Ohio-3965, appeal denied, 100 Ohio St.3d 1487, 2003-Ohio-5992.
 {¶ 18} The legal authority on which we relied in Holloway
was the Ohio Supreme Court's decision in First Bank of Mariettav. Cline (1984), 12 Ohio St.3d 317. Holloway argued, just as Gliozzo does, that by participating in the litigation, the defendant waived his affirmative defense of lack of service of process. We followed the First Bank of Marietta case, which held that a defendant who asserts the defense of failure of service of process in his answer has not waived it even though he actually proceeds so far as to wait until the day of trial before moving for dismissal.
 {¶ 19} A long line of cases also follows First Bank ofMarietta. See Bell v. Midwestern Educational Serv., Inc.
(1993), 89 Ohio App.3d 193, 203-204, 624 N.E.2d 196 ("the appellees properly raised the issue of sufficiency of service as an affirmative defense in their first responsive pleading and they did not waive it by * * * going to trial on the merits");Blount v. Schindler Elevator Corporation, Franklin App. No. 02AP-688, 2003-Ohio-2053 (defendant never voluntarily submitted to the court's jurisdiction because the assertion of the affirmative defense for failure of service of process continues the valid defense, even though a defendant participates in pretrial litigation); Wise v. Qualified Emergency Specialists,Inc. (Dec. 17, 1999), Hamilton App. No. C-980802 (a party, by participating in a case, does not waive in personam jurisdiction once the defense of lack of proper service of process has been raised); Coke v. Mayo (Feb. 4, 1999), Franklin App. No. 98AP-550 ("A defendant who raises an affirmative defense of insufficiency of service of process before actively participating in the case continues to have an adequate defense relating to service of process").
 {¶ 20} The majority relies on Maryhew v. Yova (1984),11 Ohio St.3d 154. However, I agree with the Tenth District Court of Appeals which easily distinguished Maryhew, stating:
"In Maryhew, the Supreme Court held that personal jurisdiction may be acquired `either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court.' Id. at 156. However, because the defendant in Maryhew did not file any responsive pleading, the Supreme Court did not address the determinative issue here, i.e., whether a defendant voluntarily submits to a trial court's jurisdiction by participating in litigation, even though the defendant asserts the defense of insufficiency of process in its first responsive pleading. Therefore, the holding in Maryhew does not alter our conclusion that the Schindler appellees did not voluntarily submit to the trial court's jurisdiction." Blount, supra at 28.
 {¶ 21} In the instant case, appellees asserted the affirmative defense of insufficient service of process in their answer. Although they participated in the case, this affirmative defense was never waived. "A defendant who raises an affirmative defense for insufficiency of service of process before actively participating in the case, continues to have an adequate defense relating to service of process." Blount, supra at ¶ 27, quotingCoke, supra. Therefore, appellees did not voluntarily submit themselves to the court's jurisdiction or involuntarily waive any affirmative defenses by participating in the case. Accordingly, I would affirm the trial court's dismissal.