[Cite as *Maple Park Terrace v. Papadelis*, 2012-Ohio-2211.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97669

## MAPLE PARK TERRACE

PLAINTIFF -APPELLEE

vs.

## NICK PAPADELIS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Garfield Heights Municipal Court
Case No. CVI 1102311

**BEFORE:** Sweeney, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 17, 2012

**ATTORNEY FOR APPELLANT**

Michael Westerhaus, Esq.
14255 Peppercreek Drive
Strongsville, Ohio   44136

**ATTORNEYS FOR APPELLEE**

Justin M. Ritch, Esq.
Steven M. Ott, Esq.
Ott & Associates Co., L.P.A.
55 Public Square
Suite 1400
Cleveland, Ohio   44113

JAMES J. SWEENEY, P.J.:

**{¶1}** Defendant-appellant Nick Papadelis ("defendant") appeals the court's granting judgment in favor of plaintiff-appellee Maple Park Terrace Condo Association ("Maple Park") in this action to collect condominium maintenance fees and associated costs. After reviewing the facts of the case and pertinent law, we affirm.

**{¶2}** Defendant owns a condominium unit at Maple Park and is responsible for monthly maintenance fees and associated costs including late fees and attorney fees. On August 4, 2011, Maple Park filed a small claims complaint against defendant in Garfield Heights Municipal Court alleging that, as of August 1, 2011, defendant owed $1,284.21 and attached an accounting of the amount due.

**{¶3}** On September 27, 2011, the summons and complaint were returned unclaimed via certified mail. On October 20, 2011, a bench trial was held and both parties appeared in court.

**{¶4}** A representative from Maple Park testified that defendant's current account balance was $2,199.26 and she verified the authenticity of the accompanying records. Defendant disputed the charges, however, he offered no evidence to support his position. Rather, he stated that he wanted his "attorney to investigate this." The court suggested that something should have been filed before the day of trial and stated that there had been "plenty of time to investigate." Defendant made it clear to the court that he planned to appeal. The court granted judgment to Maple Park for $2,199.26.

**{¶5}** Defendant appeals and raises two assignments of error for our review.

**{¶6}** I. "The trial court erred by proceeding to trial and judgment when the court lacked jurisdiction as the defendant had not been served with the complaint."

**{¶7}** In *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984), the Ohio Supreme Court held the following:

> It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court.

**{¶8}** In the instant case, the court gained personal jurisdiction over defendant when he voluntarily appeared for trial. Also, by voluntarily appearing for trial, defendant waived any procedural defects in service of process. *See generally Davis v. Davis*, 8th Dist. No. 82343, 2003-Ohio-4657, ¶ 13.

**{¶9}** Defendant aruges that this court's decision in *Potts v. Simpkins*, 8th Dist. No. 93494, 2010-Ohio-1437, should be applied to the case at hand to render the judgment against him void *ab initio*. However, *Potts* involves a Civ.R. 60(B) motion for relief from judgment, which was never filed and is not at issue in the instant case. Accordingly, defendant's first assignment of error is overruled.

**{¶10}** In defendant's second assignment of error, he argues as follows:

**{¶11}** II. "The trial court erred in granting a judgment for amounts arising after the filing of the complaint."

**{¶12}** Specifically, defendant argues that due process and Civ.R. 54(C) do "not allow a Plaintiff to add on to their Complaint amounts it claimed are incurred 4 days prior

to trial since the Defendant would not have an opportunity to defend against such claims."

**{¶13}** Civ.R. 54(C) applies to default judgments and is irrelevant in the case at hand, because a default judgment was not granted. Furthermore, the complaint requested ongoing damages that had accrued as of August 2011, and the undisputed evidence at trial accounted for damages that had accrued while the case was pending. Accordingly, defendant's second assignment of error is overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR