[Cite as *D.L.W. v. V.N.W.*, 2019-Ohio-1774.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| D.L.W., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 107485 |
| v. | : | |
| V.N.W., | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** May 9, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-10-329940

*Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant.*

Joseph Bancsi, *for appellee.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant, V.N.W. ("Wife"), appeals a judgment of the Cuyahoga County Common Pleas Court, Domestic Relations Division, requiring her to execute a quit claim deed in favor of plaintiff-appellee, D.L.W. ("Husband"). She claims the following sole assignment of error:

The trial court erred as a matter of law and abused its discretion in ordering the transfer of real estate without conducting a hearing.

{¶ 2} For the following reasons, we vacate the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} The parties were divorced by a judgment entry, dated June 10, 2011. The judgment entry of divorce incorporated a handwritten settlement agreement that contained the following provision concerning the division of real estate:

> Real estate located at 542 Andover Circle, Broadview Heights, shall be the property of the wife free and clear of any claim of husband. Real estate located at 1111 Eric Lane, Cleveland, shall be the property of husband free and clear of any claim of wife. Each party shall be responsible for and indemnify the other against all liability with respect to the property of the other. Each party shall quit-claim their interest to the other.

{¶ 4} In February 2014, Husband filed a motion to show cause, claiming, among other things, that Wife had not executed the quit claim deed to the property located at 1111 Eric Lane in Cleveland as required by the judgment entry of divorce. The court addressed some of the issues raised in the motion to show cause, but Wife's failure to execute a quit claim deed remained unresolved. In February 2017, Husband filed another motion to show cause raising several issues, including Wife's failure to execute the quit claim deed as required by the judgment entry of divorce. Service on the motion to show cause was never perfected.

{¶ 5} In May 2017, the trial court referred the parties to mediation to negotiate their unresolved issues. Thereafter, a mediation took place, but the parties did not resolve their differences, and the parties appeared for a final pretrial before

a magistrate on May 17, 2018. A review of the docket reflects that there is no record of what transpired at the May 17, 2018 final pretrial. According to Wife's appellate brief,[1] the parties discussed parenting issues, including Husband's request for a parenting evaluation of Wife. Wife asserts that the magistrate never mentioned the order requiring her to execute a quit claim deed to transfer the property located on Eric Lane to Husband during the final pretrial.

{¶ 6} Nevertheless, the court (not the magistrate) issued a judgment entry dated July 17, 2018, ordering Wife to "immediately * * * execute a Quit Claim Deed in favor of [Husband] to the real estate located at 1111 Eric Lane, Cleveland, Ohio * * * within fourteen (14) days of * * * journalization." The judgment entry further provides that if Wife fails to comply with the order, the July 17, 2018 judgment "shall operate as a conveyance thereof * * *." The judgment entry, which was signed by both the magistrate and the judge without an opportunity for objections under Civ.R. 53, does not provide any facts or explanation for its order compelling Wife to immediately execute the quit claim deed. Wife now appeals from this judgment.

## II. Law and Analysis

{¶ 7} In her sole assignment of error, Wife argues the trial court abused its discretion by granting Husband's motion to show cause and ordering her to transfer her interest in real property to Husband without first conducting a hearing.

---

[1] Husband did not file an appellee brief. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action."

{¶ 8} However, Husband failed to properly serve Wife with the motion to show cause. Proper service of process is a prerequisite for personal jurisdiction. *Williams v. Gray Guy Group, L.L.C.,* 10th Dist. Franklin No. 16AP-321, 2016-Ohio-8499, ¶ 19. In order to render a valid personal judgment, the trial court must have personal jurisdiction over the party. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). In other words, a judgment rendered without personal jurisdiction over a defendant is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988). Therefore, the trial court's judgment entry dated July 17, 2018, ordering Wife to execute a quit claim deed within 14 days of its journalization, is void and must be vacated.

{¶ 9} The sole assignment of error is sustained.

{¶ 10} The July 17, 2018 judgment entry is vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY;
PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY