**KING, Admr., Appellant,**

v.

**HAZRA, Appellee.** ▮

[Cite as *King v. Hazra* (1993), 91 Ohio App.3d 534.]

Court of Appeals of Ohio,
Summit County.

No. 16206.

Decided Nov. 10, 1993.

*Ellis Brannon,* for appellant.

*Patrick Murphy, Douglas Leak* and *Daniel S. Cody,* for appellee.

*Thomas Treadon,* for Barberton Citizens Hospital.

BAIRD, Judge.

This cause comes before the court upon the appeal of James W. King, administrator for the estate of Carolyn King, from an order of the Summit County Court of Common Pleas striking his complaint against Sandra V. Hazra, M.D., because Hazra had not been served with the summons and complaint within the time period required by Civ.R. 4(E). We affirm.

On February 8, 1985, Carolyn King filed a medical malpractice action against Sandra V. Hazra, M.D. and the Barberton Citizens Hospital. Upon King's death, her husband, James King, was properly substituted as a party to the case. On May 22, 1991, the original cause of action was dismissed without prejudice. Pursuant to the savings statute, R.C. 2305.19, King had one year to refile the case. The case against Hazra and Barberton Citizens Hospital was refiled on July 22, 1991.

The clerk of courts attempted to serve Hazra with the complaint by certified mail to the address specified on the complaint. The complaint, however, was returned to the clerk of courts "unclaimed."

On August 19, 1991, Hazra's attorney filed a stipulation for leave to plead and then filed an answer to the complaint. Hazra's answer asserted the affirmative defense of insufficiency of service of process. On September 23, 1992, Hazra filed a motion to strike the complaint on the grounds of failure of service. The court granted this motion and ordered that the complaint be stricken.

It is from that order that King now appeals, asserting three assignments of error.

## Assignment of Error I

"The trial court erred in striking plaintiff's complaint against defendant, Sandra V. Hazra, M.D., since defendant, Sandra V. Hazra, M.D., was effectively serve[d] with process when a copy of plaintiff's complaint was mailed to her attorney, Patrick J. Murphy, and he entered an appearance on behalf of defendant, Sandra V. Hazra."

Appellant argues that the filing of the leave to plead constituted an appearance in the action such that the court had personal jurisdiction over Hazra. Also, he argues that, because he sent a courtesy copy of the complaint to Hazra's attorney, Hazra was effectively served.[1]

In order for a trial court to have personal jurisdiction over a party, effective service of process must be made, the party must have entered an appearance in the action, or the party must have affirmatively waived service or otherwise voluntarily submitted to the court's jurisdiction. *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156–157, 11 OBR 471, 473, 464 N.E.2d 538, 540–541. The Supreme Court of Ohio has definitively held that the filing of a request for leave to plead or to otherwise move is not a sufficient appearance in the action so as to submit the party to the personal jurisdiction of the court or to constitute a waiver of an affirmative defense. *Id.* at syllabus. Therefore, Hazra's filing of the leave to plead did not submit her to the personal jurisdiction of the trial court.

Also, effective service of process was not achieved when King sent a courtesy copy of the complaint to Hazra's attorney. Absent a waiver of service, a party must be served with the summons and complaint pursuant to the methods

---

1. Appellant has not questioned the validity of the remedy afforded appellee by the trial court. Therefore, we will not consider whether striking the complaint was a proper remedy for failure to obtain service of process in this case.

set forth in Civ.R. 4.1 through 4.6. As Hazra was not served by one of the methods set forth in the Civil Rules, service of process was never complete.

Appellant's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred in striking plaintiff's complaint against defendant, Sandra V. Hazra, M.D., since plaintiff's counsel was not notified of the failure of delivery of service of process by the Summit County Clerk of Courts."

### Assignment of Error III

"The trial court erred in striking plaintiff's complaint against defendant, Sandra V. Hazra, M.D., since such action violates the spirit of Ohio Rule of Civil Procedure 3(A)."

Appellant argues that the complaint should not have been struck because the clerk of courts did not notify him that service could not be obtained by certified mail. Further, appellant claims that the commencement and service requirements of Civ.R. 3 are intended to minimize the growth of pending cases on the courts' dockets and, as such, are not meant to deprive plaintiffs from being heard on the merits of the case when the defendant had notice of the proceedings.

Civ.R. 4.1(1) requires the clerk of courts to mail notice of failure of delivery of service by certified mail to plaintiff's counsel. However, notwithstanding this provision, the serving party or that party's attorney of record is ultimately responsible for ensuring that service is complete. Civ.R. 4.6(E). Furthermore, in this case, appellant had notice that service was ineffective when he received Hazra's answer. In that answer, she asserted the affirmative defense of lack of personal jurisdiction, which includes and preserves the defense of insufficient service of process. No attempt was made by the appellant, at the time of receipt of the answer, to correct the insufficient service. We do not find that striking the complaint under these circumstances was contrary to the "spirit" of the Civil Rules.

Appellant's second and third assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and DICKINSON, J., concur.