Defendant Joseph Piscazzi Jr.[1] has appealed from a judgment of the Summit County Common Pleas Court that vacated a prior order that had transferred title of two automobiles, owned by plaintiff Gladys Richardson, to Mr. Piscazzi. Mr. Piscazzi has raised one assignment of error, claiming that the trial court incorrectly granted Ms. Richardson's motion to vacate. This Court affirms the judgment of the trial court.
 I.
Donald Waugh, the son of Ms. Richardson and also a plaintiff in this action, hired Mr. Piscazzi during October 1991 to restore a 1924 Rolls Royce Limousine and a 1914 Renault Limousine. Mr. Piscazzi has claimed that the automobiles were in poor condition. According to Mr. Piscazzi, Mr. Waugh handed him a business card listing addresses in West Palm Beach, Florida, and New York, New York. Mr. Waugh made periodic payments through 1993, but then failed to contact Mr. Piscazzi after that time. Mr. Piscazzi claimed that he believed Mr. Waugh was the sole owner of the vehicles. Actually, Ms. Richardson held title to the vehicles.
Mr. Piscazzi claimed that he had attempted to contact Mr. Waugh to discuss the work done on the vehicles, but had been unable to locate him. Mr. Piscazzi decided to sell the vehicles to compensate himself for expenses owed for the restoration work. On June 28, 1996, the Summit County Common Pleas Court received a letter from Mr. Piscazzi, claiming that he could no longer store the vehicles and that he was unwilling to "invest any more money in parts or labor" in the automobiles. By that letter, Mr. Piscazzi asked the court to transfer title of the automobiles to him.
On June 28, 1996, the trial court granted Mr. Piscazzi's motion and ordered that title to the two vehicles be transferred to him. On that same day, Mr. Piscazzi sold the vehicles for $26,500. The buyer of those vehicles then sold them both for a combined total of over $65,000.
According to Mr. Piscazzi, Mr. Waugh appeared at his business during August 1997 and demanded the vehicles. Because Mr. Piscazzi no longer had them, Mr. Waugh and Ms. Richardson filed a complaint against him and Piscazzi Auto Body Incorporated, alleging conversion and fraud. Mr. Piscazzi filed a counterclaim to collect for the restoration work and storage charges.
On March 24, 1998, Ms. Richardson moved the trial court, pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure, to vacate its June 28, 1996, order that had transferred title to Mr. Piscazzi. Ms. Richardson claimed that she had received no notice of the proceedings that led to the transfers of title. On June 18, 1998, the trial court granted the motion and vacated its June 28, 1996, order. The court found that Mr. Piscazzi had either failed to name the true owner of the vehicles or misrepresented the true ownership. It found that its June 28, 1996, order was voidable and vacated it on that basis.
Because other claims remained pending, the trial court ruled on July 15, 1998, that there was no just reason for delay. See Rule 54(B) of the Ohio Rules of Civil Procedure. In that entry, the trial court further explained its reasons for vacating its June 28, 1996, order. It ruled again that plaintiffs were entitled to relief pursuant to Rule 60(B)(3) of the Ohio Rules of Civil Procedure, but also noted that Ms. Richardson had not received notice of the proceedings initiated by Mr. Piscazzi to transfer title of the vehicles to him. It found, therefore, that Ms. Richardson had been deprived of due process. Consequently, it vacated its June 28, 1996, order and ruled that there was no just reason for delay. From that order, Mr. Piscazzi timely appealed to this Court.
 II.
Mr. Piscazzi has, through a single assignment of error, argued that the trial court incorrectly granted Ms. Richardson's motion to vacate. First, he has claimed that he did not misrepresent the true ownership of the vehicles and that, as a result, the trial court's granting of Ms. Richardson's Rule 60(B) motion to vacate on that basis was incorrect. Second, he has argued that Ms. Richardson's motion to vacate was not timely. Third, he has argued that, even if Ms. Richardson had asserted a meritorious claim pursuant to Rule 60(B), the trial court erred by failing to grant him a hearing on the matter. Finally, he has claimed that the transfers of title were not void for lack of due process.
This Court does not need to address most of Mr. Piscazzi's arguments because the June 28, 1996, order of the trial court transferring title of the vehicles to Mr. Piscazzi was void. Consequently, the trial court had the inherent authority to vacate that judgment at any time and did not need to rely on Ms. Richardson's Rule 60(B) motion, or any rule of the Ohio Rules of Civil Procedure, to do so.
Rule 3(A) of the Ohio Rules of Civil Procedure provides that a civil action is commenced "by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Pursuant to Rule 10(A) of the Ohio Rules of Civil Procedure, "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the case number, and a designation as in Rule 7(A). In the complaint the title of the action shall include the names and addresses of all the parties * * *."
In this case, Mr. Piscazzi did not file a complaint. Instead, he sent a letter to the Summit County Common Pleas Court asking that title to the vehicles be transferred to him. The letter was written by hand on letterhead from Piscazzi Auto Body Incorporated. The handwritten text reads:
 I[,] Joseph J. Piscazzi Jr., rec[ie]ved a 1914 Renault Limosine [sic] for estimate, repair quote on restoration from [Mr.] Waugh 1515 Fagler Dr[.] W. Palm Beach, [FL] 33401, on date 10-3-91.
 Upon finding mechanical, body, paint complete restoration prices, [I] have constantly tried to contact Mr. Waugh, by phone registered letters with no success[.] During this time the building that my bussiness [sic] is in has been sold. I can't store the vehicle at my house[.] I don't want to invest any more money in parts or labor[.] I would like to get rid of this problem A.S.A.P. Because of having to vacate my business, I was offered a deal to sell the car soon[,] but [I] can[not] without a title.
Mr. Piscazzi failed to caption his letter as a complaint. He did not set forth the name of the court, the title of the action, or a case number. Further, he failed to include the names and addresses of all the parties. Mr. Piscazzi's letter was not, therefore, a complaint, and he did not commence a civil action to transfer title of the two vehicles by mailing that letter to the trial court.[2]
Further, Mr. Piscazzi failed to serve either Mr. Waugh or Ms. Richardson within one year of the filing of that letter with the trial court. To commence a civil action, a plaintiff must both file a complaint and serve the opposing party within one year. Rule 3(A) of the Ohio Rules of Civil Procedure. The purpose of the service requirements is to inform the opposing parties that an action has been commenced against them and to provide them an opportunity to respond. "A court lacks jurisdiction to enter judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service." Rite Rug Co.Inc., v. Wilson (1995), 106 Ohio App.3d 59, 62. In this case, a failure to serve either Mr. Waugh or Ms. Richardson constituted a violation of their due process rights. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Sansea, Inc. v. Mahoning Cty. Bd. of Elections
(1996), 113 Ohio App.3d 351, 357, quoting Mullane v. CentralHanover Bank Trust Co. (1950), 339 U.S. 306, 314, 94 L.Ed. 865,873. As long as service is "reasonably calculated" to reach an interested party in the action, then it is constitutionally sound.Id., quoting Akron-Canton Regional Airport Auth. v. Swinehart
(1980), 62 Ohio St.2d 403, 406.
In this case, no attempt was made to serve Ms. Richardson and inform her that Mr. Piscazzi had requested the trial court to transfer title of her automobiles to him. Similarly, no attempt was made to serve Mr. Waugh. Mr. Piscazzi did send a certified letter to one of the two addresses that Mr. Waugh provided, but that letter was returned by the post office. He did not even attempt to mail a letter to Mr. Waugh at his second address.
Nonetheless, that letter did not constitute effective service of process. By that letter, Mr. Piscazzi wrote:
 Regarding your Rolls Royce and Renault: I have made several attempts in the last six months to contact you regarding these vehicles. I have received no money in the past three years for storage, work performed, or work needed to finish the Rolls. I have lost my storage facility and, have spent my own money to keep your cars safe and intact.
 My position at this time is, I need money to bring everything up to date, and a direction to go in. If I do not here [sic] from you soon, I will have to assume that you have lost interest in said vehicles and, I will have to take another course of action to receive payment.
That letter, even if received by Mr. Waugh, would not have informed him that Mr. Piscazzi was planning to obtain title to the vehicles. It merely informed him that Mr. Piscazzi was planning to take "another course of action to receive payment." That letter was not reasonably calculated to give Mr. Waugh notice of the action pending against him and an opportunity to respond to that action.
Mr. Piscazzi has argued that he was not responsible to serve either Mr. Waugh or Ms. Richardson. Rather, according to Mr. Piscazzi, the trial court was obligated to ensure that the proper parties had been served. Contrary to Mr. Piscazzi's argument, however, the serving party, or that party's attorney of record, is responsible for ensuring that service is complete. King v. Hazra
(1993), 91 Ohio App.3d 534, 537; Rule 4.6(E) of the Ohio Rules of Civil Procedure. Furthermore, absent waiver of service, a party must be served with the summons and complaint pursuant to the methods described in Rules 4.1 through 4.6 of the Ohio Rules of Civil Procedure. King, supra, at 536-537. Service was not completed by any of those methods in this case.
The attempt by Mr. Piscazzi to obtain title to the vehicles by moving the trial court without commencing a civil action provided the trial court with no jurisdiction to entertain his request. The judgment rendered by the trial court on June 28, 1996, that transferred title of the vehicles to Mr. Piscazzi was, therefore, void.
A trial court has the inherent authority to vacate a void judgment at any stage in the proceedings. Sweeney v. Sweeney
(Sept. 17, 1998), Franklin App. No. 98AP-66, unreported, 1998 Ohio App. LEXIS 4272, at *7-8. "In exercising this inherent power, a court is simply recognizing that the void judgment or order was always a nullity." Reed v. Montgomery Cty. Bd. of MentalRetardation and Dev. Disabilities (Apr. 27, 1995), Franklin App. No. 94APE10-1490, unreported, 1995 Ohio App. LEXIS 1755, at *8. The trial court, therefore, recognizing that the June 28, 1996, judgment transferring title of the two automobiles to Mr. Piscazzi was void, exercised its inherent authority and vacated that judgment on June 18, 1998.
Mr. Piscazzi, by his assignment of error, has argued that the trial court erred when it granted Ms. Richardson's motion, pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure, and vacated its judgment. However, the trial court's authority to vacate the June 28, 1996, judgment did not come from the Ohio Rules of Civil Procedure. It did not, therefore, need to rely on Ms. Richardson's motion to vacate. Sweeney, supra, at *8. Rather, it was free to vacate that void judgment at any time. The arguments of Mr. Piscazzi and Piscazzi Auto Body Incorporated are without merit. Their assignment of error is overruled.
 III.
The assignment of error raised by Mr. Piscazzi and Piscazzi Auto Body Incorporated is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 ___________________________ BETH WHITMORE
 FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR
[1] Mr. Piscazzi's business, Piscazzi Auto Body Incorporated, has also appealed the judgment.
[2] Section 4505.10.1 of the Ohio Revised Code allows an owner of a repair garage or place of storage to apply for title to abandoned vehicles worth less than $2500. This Court initially notes that Mr. Piscazzi did not attempt to obtain title to the vehicles pursuant to that section. In addition, Mr. Piscazzi has in no way demonstrated that he complied with the requirements of that section, which would have enabled him to obtain title to the vehicles. This Court concludes, therefore, that, because Section4505.10.1 was not applicable in this situation, Mr. Piscazzi could have obtained relief, if at all, only through filing a civil action in the Summit County Common Pleas Court pursuant to the Ohio Rules of Civil Procedure.