OPINION
Defendants-appellants, Lamont L. Blair, et al., appeal from a judgment rendered by the Mahoning County Common Pleas Court overruling their motion to dismiss for insufficient service of process. For the following reasons, the judgment of the trial court is reversed.
 STATEMENT OF THE FACTS
At the outset, we note that plaintiffs-appellees, John Fay, et al., have failed to file a brief in this matter. Therefore, we may accept appellants' statement of the facts and issues as correct and reverse the judgment if appellants' brief reasonably sustains such action. App.R. 18(C).
On October 29, 1997, appellees filed a complaint against appellants seeking to recover damages from an automobile accident. Appellants were never served with process. Instead, appellees served appellants' attorney, Marshall Buck. Attorney Buck filed an answer on behalf of appellants. The answer raised the defenses of insufficiency of process and insufficiency of service of process. In spite of the fact that appellants' answer put appellees on notice that process had not been served and time remained in which appellants could have perfected service, appellants did nothing.
Subsequently, Attorney Buck filed a motion to dismiss for insufficient service of process. The motion contended that because service had not been perfected, the action had not commenced and was thus barred by the two-year statute of limitations for personal injury actions. The motion was overruled. The matter proceeded to trial. The jury returned a verdict in favor of appellees in the amount of $30,500. This appeal followed.
 ASSIGNMENT OF ERROR
Appellants' sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED BY FAILING TO DISMISS THE CLAIMS AGAINST LAMONT BLAIR AND JAMES ARMSTRONG FOR INSUFFICIENCY OF SERVICE OF PROCESS."
Appellants contend that service of process upon their attorney was not sufficient under the Rules of Civil Procedure. They further aver that participating in the lawsuit after raising the defense of insufficient service of process did not amount to waiver.
 LAW AND ANALYSIS
In Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156, the Ohio Supreme Court held:
 "It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure."
Civ.R. 4.2 provides a specific list of people who may be served with process. An individual's attorney does not appear on that list. Conversely, Civ.R. 5 states that pleadings and other papers filedsubsequent to the original complaint must be served upon the party's attorney.
In King v. Hazra (1993), 91 Ohio App.3d 534, Carolyn King filed a complaint against Dr. Sandra Hazra alleging medical malpractice. The clerk of courts attempted to serve Hazra with the complaint by certified mail. The complaint was returned unclaimed. King sent a courtesy copy of the complaint to Hazra's attorney, who subsequently filed an answer. The Ninth District Court of Appeals held that service was incomplete. Id. at 537. It noted that Civ.R. 4.1 through 4.6 provide the methods by which a party must be served. As Hazra was not served with process, the court decided to strike the complaint. The serving party or that party's attorney of record is ultimately responsible for ensuring that service is complete. Id. The court noted that King had notice that service was ineffective when she received the answer filed by Hazra's attorney. That answer raised the affirmative defense of lack of personal jurisdiction, which includes and preserves the defense of insufficient service of process. Id. Despite having notice of the ineffective service, King did nothing to correct the problem. Notwithstanding King's urging, the court did not find that striking the complaint under these circumstances was contrary to the "spirit" of the Civil Rules. Id.
The facts of the case at bar resemble King. In this case, appellants were never served with process. Their attorney, on the other hand, was served. At first blush, it seems that service of process upon a defendant's attorney should be sufficient to apprize him of the lawsuit. However, the Rules of Civil Procedure require more. In seeking justification for the service requirement mandated by the Civil Rules, one need only consider the typical lawsuit. In most instances, a plaintiff does not know the identity of the defendant's attorney. Furthermore, even if the defendant ordinarily employed the services of a particular attorney, there is no guarantee that the defendant would choose the same counsel in every instance. Alternatively, the defendant may wish to proceed pro se. In any event, service of the original complaint upon a party's attorney is insufficient under the Rules of Civil Procedure. Therefore, pursuant to Maryhew, supra at 156, the trial court could have exercised jurisdiction over appellants only if they voluntarily appeared and submitted to the court or if they waived their affirmative defenses pertaining to the court's jurisdiction. Neither of these situations apply to this case.
Prior to the adoption of the Rules of Civil Procedure, there were two types of appearances, special and general. Id. Special appearances were made solely to object to personal jurisdiction. Id. A defendant making a special appearance did not submit to the court's jurisdiction. Id. A general appearance, on the other hand, was a voluntary submission to the court's jurisdiction in a way other than challenging personal jurisdiction. Id. A general appearance was a recognition that the case was properly before the court. Id.
A distinction between the types of appearances is no longer drawn. Instead, today we have only general appearances. Id. "To determine whether the trial court obtained personal jurisdiction over the defendant, pursuant to [the Rules of Civil Procedure], we need only address whether there has been a waiver of the jurisdictional defenses, rather than the type of appearance." Id. A review of the Rules of Civil Procedure indicates that appellants did not waive their jurisdictional defenses.
Civ.R. 12(B) provides that the defenses of insufficiency of process and insufficiency of service of process must be raised in either a responsive pleading or in a motion prior to pleading. If they are not so raised, they are waived. Civ.R. 12(H). In appellants' answer, they affirmatively raised the defenses of insufficiency of service and insufficiency of service of process. Therefore, appellants preserved these defenses.
A civil action is commenced by filing a complaint, if service is obtained within one year from such filing. Civ.R. 3(A). Because service of process was never perfected, the action was never commenced. Pursuant to R.C. 2305.10, actions for personal injuries must commence within two years after the date on which the cause of action arose. In this case, the accident giving rise to the lawsuit happened on October 9, 1996. Appellants filed their motion to dismiss on March 29, 1999. No action having commenced within the two-year limitation period, appellants' motion to dismiss should have been sustained. Thus, appellants' assignment of error is found to have merit.
For the foregoing reasons, the judgment of the trial court is hereby reversed.
 ___________________ VUKOVICH, P.J.
Donofrio, J., concurs.
Waite, J., concurs.