OPINION AND JOURNAL ENTRY
On June 26, 2001, this court rendered a decision in favor of defendants-appellants Lamont L. Blair, et al. whose sole assignment of error alleged that the trial court erred by failing to dismiss the claims against them due to insufficient service of process. In that appeal, plaintiffs-appellees John Fay, et al. failed to file a response brief, apparently as a result of a break up of a legal partnership. In reversing the trial court's decision, this court held that service of a complaint and summons on an attorney does not constitute service on an individual party under the Civil Rules. On September 10, 2001, this court agreed to reconsider its decision and granted appellees leave to file a brief. After reviewing the arguments and conducting additional research, this court hereby reaffirms our prior decision. For the following reasons, service of a complaint and summons on an individual's attorney constitutes insufficient service of process.
A defendant must be served in a manner authorized by the Rules of Civil Procedure or the case must be dismissed for insufficient service of process where such was timely raised by the defendant. First Bank ofMarietta v. Cline (1984), 12 Ohio St.3d 317, 318. We note that a represented person's attorney of record must be served with papers filedsubsequent to the complaint. Civ.R. 5(B). This rule explicitly only applies to papers filed subsequent to the complaint and thus excludes service of a complaint and summons on the attorney.
Instead, a summons and a copy of the complaint must be served upon each defendant listed in the complaint. Civ.R. 4(A) and (B). This service of process shall be made on an individual by serving the individual. Civ.R. 4.2(A). When the method of service of process is by certified or express mail, it may be evidenced by return receipt signed by any person. Civ.R. 4.1(A). However, the envelope must be addressed to the person to beserved at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward. Civ.R. 4.1(A). Nowhere do the rules allow service of process upon an individual's attorney. Cf. Civ.R. 4.2(F) (which allows service on a corporation's attorney if that attorney has been authorized by appointment or by law to receive service of process). See, also, McDougaldv. Union Carbide Corp. Cust. Serv. (Apr. 17, 1986), Cuyahoga App. No. 50333, unreported (stating that service on a corporation's attorney was insufficient where that attorney had not been authorized to receive service by appointment of law as per Civ.R. 4.2).
We continue to agree with the Ninth Appellate District's decision inKing v. Hazra (1993), 91 Ohio App.3d 534, where mailing a complaint to the defendant's attorney was held to be insufficient service of process requiring dismissal. Similar to our case, that plaintiff also had notice from the affirmative defenses set forth in the answer that the defendant had not been served. We do not find that case to be distinguishable merely because that complaint was sent by regular mail since that is the next step when certified mail is returned unclaimed. Civ.R. 4.6(D). Appellees focus on the fact that they sent certified mail to the attorney which can be proven due to the return receipt; however, neither our case nor King concerned a dispute over whether the attorney received the process.
Moreover, the Tenth Appellate District has stated that service was insufficient where the plaintiff served the attorney for the insurance company rather than the defendant/insured. Long v. Hamel (Mar. 19, 1992), Franklin App. No. 91AP1078, unreported. See, also, Branscom v.Birtcher (1988), 55 Ohio App.3d 242, 244 (holding that certified service on the insurer was insufficient service as to the insured and noting that clearly the insurer's address is not the residence or business of the insured).
In the domestic relations setting, there exists a well-established rule that service on the defendant's attorney rather than on the defendant is inadequate. See, e.g., Szymczak v. Szymczak (2000),136 Ohio App.3d 706, 711 (citing multiple cases). See, also, Borland v.Borland (Mar. 16, 1990), Trumbull App. No. 89T4211, unreported; Brown v.Brown (Dec. 31, 1990), Hancock App. No. 59044, unreported. Although these cases deal with Civ.R. 75 regarding the continuing jurisdiction of a domestic relations court, that rule specifically states that notice "shall be served in the manner provided for the service of process under Rule 4 through Rule 4.6." Thus, the courts are applying the same rules as apply in this case.
Finally, we disagree with appellees contention that actual notice renders insufficient service irrelevant. In Jefferson Place Condo. Assn.v. Naples (1998), 125 Ohio App.3d 394, 399, this court held that the trial court erred in finding that dismissal was unwarranted merely because the defendant received service and had actual notice. This court noted that the defendant had been served in contravention of the rules regarding residential and/or personal service as the process server left an unstamped envelope in her mailbox. Id. We concluded that the mere fact that summons was received is not decisive. Id., citing Hayes v. KentuckyBank (1932), 125 Ohio St. 359.
Although the Supreme Court has mentioned actual or constructive notice notwithstanding a defect in service in the case of Krabill v. Gibbs
(1968), 14 Ohio St.2d 1, that case was decided under R.C. 2703.23 which allowed service by ordinary mail and which was repealed and replaced by Civ.R. 4.1 in 1970. Furthermore, the Supreme Court has since stated, "[i]naction upon the part of a defendant, even though he might be awareof the filing of the action, does not dispense with the need forservice. Maryhew v. Yova (1984), 11 Ohio St.3d 154, 157 (emphasis added), citing Haley v. Hanns (1915), 93 Ohio St. 49. The Court then specified that a defendant who was not served with process may do nothing or may file an answer asserting the defense of insufficient service of process. Id. See, also, Jefferson Place, 125 Ohio App.3d at 399 (setting forth these same choices).
Finally, if actual notice were the test, then Civ.R. 12(B)(4) and (5), which allow the defendant to state the affirmative defenses of insufficient process and insufficient service of process in the answer or in a motion to dismiss, would be worthless because the assertion of these defenses would simultaneously result in waiver of them due to acknowledgment of the suit's existence. Bell v. Midwestern Educ. Serv.,Inc. (1993), 89 Ohio App.3d 192, 203. This is clearly not the intention of the rules. "It does not matter that a party has actual knowledge of the lawsuit and has not in fact been prejudiced by the method of service." Id.
In accordance, appellee's motion to reconsider and reverse our prior decision in this case is denied. We hereby reaffirm our prior decision declaring that service of process on an attorney does not constitute sufficient service of process on an individual.
VUKOVICH, P.J., concurs.
DONOFRIO, J., concurs.
WAITE, J., concurs.