OPINION
{¶ 1} Defendant-appellant Elizabeth M. Pratt appeals from a decision of the Greene County Court of Common Pleas overruling her Civ. R. 60(B) motion for post-judgment relief from the trial court's grant of default judgment in favor of plaintiff-appellee Donna Songer. Pratt filed a notice of appeal with this court on May 5, 2005. For the following reasons, the judgment of the trial court will be affirmed.
 I {¶ 2} On April 2, 2000, Patricia Lewis was traveling as a passenger in a motor vehicle operated by Donna Songer. Songer's vehicle was allegedly struck by a second vehicle operated by Pratt. Both Patricia Lewis and Songer suffered bodily injury as a result of the collision.
 {¶ 3} On April 2, 2002, Songer and the Lewis' filed complaints against "Elizabeth M. Warren-Stardancer" seeking damages for injuries sustained in the accident.[1]
Warren-Stardancer was an alias Pratt used at the time in question. Ultimately, the trial court dismissed both cases without prejudice because neither the Lewis' nor Songer were able to obtain service on Pratt within one year of filing their complaints.
 {¶ 4} On August 27, 2003, Songer re-filed her action against Pratt in Case No. 2003 CV 0748. Despite appellant's assertions to the contrary, the record reveals that Songer successfully obtained service by certified mail on Pratt on February 18, 2004.
 {¶ 5} On March 19, 2004, Songer filed a motion for default judgment, which was sustained by the trial court in an order issued on April 12, 2004. No objections were filed by Pratt.
 {¶ 6} A scheduling order was filed on August 27, 2004, which established a date for a damages hearing before a magistrate. Pratt did not attend the damages hearing that was held on September 16, 2004. On October 26, 2004, the magistrate issued an order awarding damages to the Lewis'. The court subsequently issued a final appealable order on October 27, 2004.
 {¶ 7} In her brief, counsel for Pratt contends that she did not receive notice of the grant of default judgment until December 6, 2004. On December 17, 2004, counsel for Pratt filed a Civ. R. 60(B) motion for post-judgment relief. Songer filed a memorandum opposing said motion on April 6, 2005. Pratt filed a reply memorandum on April 15, 2005. On May 3, 2005, the trial court issued a written decision overruling Pratt's Civ. R. 60(B) motion.
 {¶ 8} It is from this judgment that Pratt now appeals.
 II {¶ 9} Initially, Pratt argues that pursuant to Ohio Appellate Rule 18(C), we should decline to accept Songer's untimely filed appellate brief and reverse the judgment of the trial court on that basis. Pratt filed notice of appeal on May 5, 2005. On May 27, 2005, Pratt filed her appellate brief. On June 16, 2005, Songer filed a motion requesting an extension of time in which to file a responsive brief and was granted until July 6, 2005 to file said brief. Songer filed a second motion for an extension on July 26, 2005 and was granted until August 15, 2005 to file said brief. Songer filed her brief on August 10, 2005.
 {¶ 10} App. R. 18(C) states in pertinent part:
 {¶ 11} "* * * If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 {¶ 12} As both parties waived oral argument, the first section of the above rule is inapplicable to the instant case. Moreover, the rule clearly does not prohibit an appellee from filing a late brief, nor does the rule prohibit an appellate court from considering the arguments advanced in appellee's brief in opposition to appellant's assignments of error. Preble v.Brooks (June 10, 1981), Montgomery App. No. 6867. In light of the second extension granted by this court on July 29, 2005, Songer's brief was timely filed. Moreover, our consideration of the issues raised in said brief are necessary for a proper disposition in this matter. Thus, Pratt's motion is moot.
 {¶ 13} Songer correctly notes that Pratt failed to specifically annunciate an assignment of error in her opening brief. However, Pratt's sole assignment can be framed as follows:
 {¶ 14} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR POST JUDGMENT RELIEF PURSUANT TO CIVIL RULE 55 AND CIVIL RULE 60(B)."
 {¶ 15} To prevail upon a motion brought under Civ. R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113. Civ. R. 60 (B)(1) permits the court to relieve the party from a final judgment for mistake, inadvertence, or excusable neglect.
 {¶ 16} A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion.Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more that a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, capricious, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 17} The Ohio Supreme Court has held that where a defendant, upon being served with a summons in a cause of action based on a claim for which he has liability insurance, relies upon his carrier to defend the lawsuit, his failure to file an answer or to determine that his carrier has failed to file an answer leading to a default judgment may constitute "excusable neglect" depending on the facts and the circumstances of the case, so as to justify relief pursuant to Civ. R. 60(B). Colleyv. Bazell (1980), 64 Ohio St. 2d 243, 416 N.E.2d 605. "A trial court does not abuse its discretion in overruling a * * * motion for relief from a default judgment on the grounds of excusable neglect" where the conduct of the defendant or its insurer exhibits "a disregard for the judicial system and the rights of the plaintiff." Griffey, supra.
 {¶ 18} Assuming that Pratt's failure to inform her counsel until after the default judgment had been granted, that she had been served with a complaint constituted neglect on her part, the next inquiry was whether that neglect is excusable or inexcusable. Vantage Homes, Inc. v. Dailey (April 5, 2002), Miami App. No. 2001-CA-49, 2002-Ohio-1818. "That inquiry must of necessity take into consideration all the surrounding facts and circumstances." Id. Such circumstances include 1) whether the defendant promptly notified his carrier of the litigation, 2) the lapse of time between the last day for the filing of a timely answer and the granting of the default judgment, and 3) the actual amount of the judgment granted. Id. "A fourth, but not decisive, circumstance is the experience and understanding of the defendant with respect to litigation matters." Id.
 {¶ 19} In overruling Pratt's motion for relief from default judgment, the trial court stated in pertinent part:
 {¶ 20} "The court is compelled to find that Defendant-Movant has failed to answer or respond in the underlying proceedings. The Court notes specifically that no affidavit is present from Defendant denying knowledge of the proceeding or providing any explanation whatsoever for Defendant's persistent failure to respond to the complaint or any number of subsequent pleadings, notices or judgments issued in the case."
 {¶ 21} A review of the record indicates that with the exception of accepting service of the complaint, Pratt made no attempt to participate in the instant case. Pratt's attorney, Erin Moore, filed an affidavit in which she contends that counsel for Songer was aware that Moore was acting as Pratt's attorney. Additionally, Moore seems to imply in her affidavit that Songer had a duty to provide her with courtesy copies of the re-filed complaint notwithstanding the fact that personal service had already been obtained on Pratt. The affidavit contains no explanation as to why Pratt failed to respond to the complaint and to subsequent filings by Songer and the trial court.
 {¶ 22} In King v. Harza (1993), 91 Ohio App.3d 534,632 N.E.2d 1336, the court explicitly held that effective service of process was not achieved where plaintiff served a courtesy copy of the complaint on defendant's attorney. The court in King,
supra, determined that service on a defendant's attorney is not in compliance with Civ. R. 4, which states in pertinent part:
 {¶ 23} "(B) Summons: form; copy of complaint. The summons shall be signed by the clerk, contain the name and address of the court and the names and addresses of the parties, be directed tothe defendant, * * *."
 {¶ 24} "(C) Summons: plaintiff and defendant defined. For the purpose of issuance and service of summons `plaintiff' shall include any party seeking the issuance and service of summons, and `defendant' shall include any party upon whom service of summons is sought."
 {¶ 25} As previously stated, the record clearly demonstrates that proper service of the complaint was achieved on Pratt on February 18, 2004. At that point, the only party to the litigation who had a duty to provide Attorney Moore with a copy of the complaint was Pratt. Once she had perfected service on Pratt, the named defendant in the case, Songer was under no obligation to provide Pratt's attorney with the complaint.
 {¶ 26} Pratt contends that service of the complaint was not perfected upon her on February 18, 2004, because she did not personally sign for the document. This argument is unpersuasive in light of Civ. R. 4.1(A) which provides that service of process may be made by certified mail "evidenced by return receipt signed by any person * * *." We have previously held that service by certified mail is perfected when it is sent to an address "reasonably calculated to cause service to reach the defendant."Ohio Civ. Rights Comm. v. First Am. Properties (1996),113 Ohio App.3d 233, 237, 680 N.E.2d 725, citing to Regional AirportAuth. v. Swinehart (1980), 62 Ohio St.2d 403, 406 N.E.2d 811. It is presumed that valid service of process has been made when the envelope is received by any person at the defendant's address.Id. Thus, Songer's complaint was successfully served on Pratt when Jasmine McCoy signed for it at the address where Songer reasonably believed Pratt to be residing. In the absence of any evidence to the contrary, McCoy is presumed to be competent to sign for the document.
 {¶ 27} Essentially, the trial court held that Pratt's misconduct constituted a complete disregard for the judicial system as well as the rights of Songer. We agree. Pratt's failure to file an answer to Songer's complaint and respond to any of the subsequent pleadings, notices or judgments issued in the case is clearly inexcusable neglect. Thus, the trial court did not abuse its discretion when it overruled Pratt's motion for post-judgment relief from the grant of default judgment in favor of plaintiff-appellee Songer.
 {¶ 28} Pratt's sole assignment of error is overruled.
 III {¶ 29} Pratt's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Grady, P.J. and Wolff, J., concur.
[1] Greene County Common Pleas Court Case Nos. 2002 CV 0289 and 2002 CV 0290, respectively.