[Cite as *State v. Cognati*, 2022-Ohio-601.]

STATE OF OHIO         )                      IN THE COURT OF APPEALS
                                 )ss:                 NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| STATE OF OHIO | C.A. No.      29905 |
|      Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROCCO O. COGNATI | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
|      Appellant | CASE No.      CR 18 06 1946 |

DECISION AND JOURNAL ENTRY

Dated: March 2, 2022

TEODOSIO, Judge.

{¶1} Appellant, Rocco O. Cognati, appeals from the trial court's judgment denying his petition for post-conviction relief in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2019, Mr. Cognati pled guilty to six counts of gross sexual imposition and was sentenced to fifteen years in prison. He filed a motion to file a delayed appeal almost a year after sentencing, which this Court denied due to Mr. Cognati's "fail[ure] to provide a sufficient statement justifying the lengthy delay." *State v. Cognati*, 9th Dist. Summit No. 29727 (May 8, 2020). He appealed, but the Supreme Court of Ohio declined to accept jurisdiction on appeal. *08/04/2020 Case Announcements*, 2020-Ohio-0766. Mr. Cognati also filed a number of other motions in the trial court, including a petition for post-conviction relief, which the trial court denied. In the meantime, he filed a petition for a writ of procedendo to compel the trial court to

rule on his petition for post-conviction relief, but that case was dismissed. *See State v. Cognati*, 9th Dist. Summit No. 29883 (Dec. 30, 2020). Mr. Cognati also filed a second motion to file a delayed appeal, which this Court denied and specifically noted: "Again, this Court is not persuaded that the lengthy delay was reasonable." *State v. Cognati*, 9th Dist. Summit No. 30065 (Nov. 1, 2021).

{¶3}  Mr. Cognati now appeals from the trial court's judgment denying his petition for post-conviction relief and raises one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO APPLY THE CORRECT PREJUDICE STANDARD IN ROE V. FLORES-ORTEGA * * * WHEN ADDRESSING APPELLANT'S POST[-]CONVICTION PETITION.

{¶4}  In his sole assignment of error, Mr. Cognati argues that the trial court erred in failing to apply the correct prejudice standard when denying his petition for post-conviction relief. Because Mr. Cognati has not demonstrated that he is entitled to the relief he sought in his petition, we must overrule his assignment of error.

{¶5}  A post-conviction proceeding is a collateral civil attack on a criminal judgment, in which the petitioner receives no more rights than those granted by the statute. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). R.C. 2953.21(A)(1)(a)(i) permits anyone convicted of a criminal offense "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." "[T]he petitioner must provide some evidence of facts which, if proved,

would entitle [him] to the relief sought." *State v. Reynolds*, 9th Dist. Summit No. 19062, 1999 WL 980568, *3 (Oct. 27, 1999). He may file a supporting affidavit and other documentary evidence in support of the claim for relief, *see* R.C. 2953.21(A)(1)(b), but "post-conviction relief is appropriate only when it concerns errors based upon facts and evidence *dehors* the record." (Emphasis sic.) *State v. Rodriguez*, 65 Ohio App.3d 151, 153 (9th Dist.1989).

{¶6} "A trial court properly denies a petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Spaulding*, 9th Dist. Summit No. 28526, 2018-Ohio-3663, ¶ 7. We generally review a trial court's decision denying a petition for post-conviction relief under an abuse of discretion standard. *State v. Nichols*, 9th Dist. Summit No. 29228, 2019-Ohio-3084, ¶ 10. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7} In his petition for post-conviction relief, Mr. Cognati relied on the United States Supreme Court's decision in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and argued that he received ineffective assistance of counsel. The only evidence he appended to the petition was his own self-serving affidavit, in which he averred that immediately after his sentencing hearing he instructed his trial counsel to file a notice of appeal on his behalf. According to Mr. Cognati, counsel assured him that he would file the appeal, and Mr. Cognati relied on counsel to do so. No appeal was ever filed, however, and Mr. Cognati averred that "[he] was deprived of an appeal

process that [he] otherwise would have taken, but for counsel's error" and "[he] would have appealed." Consequently, Mr. Cognati sought to have his sentence and conviction vacated as void or voidable because he received ineffective assistance of counsel. In his written reply to the State's motion to dismiss the petition, Mr. Cognati also stated that he was "not challenging the validity of his guilty plea * * *."

{¶8} The trial court did not hold a hearing on Mr. Cognati's petition. The court instead issued an order denying the petition and finding that Mr. Cognati had not "demonstrated that his counsel's performance was so deficient such that he was precluded from entering into a knowing and voluntary guilty plea." The court further found that despite Mr. Cognati's claims, nothing in his supporting affidavit demonstrated that he would not have entered a guilty plea but for counsel's alleged failure to file the appeal. The court determined that "[w]hether Defendant Cognati's counsel committed to filing an appeal following his sentencing hearing has no bearing on his prior guilty plea."

{¶9} In *Flores-Ortega*, the Supreme Court was faced with the specific question of whether counsel is deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other. *Flores-Ortega* at 477. At the outset, the Court held that the now-familiar ineffective assistance of counsel test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to such claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *Id.* In order to prove ineffective assistance of counsel under *Strickland*, one must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland* at 687. The *Flores-Ortega* Court then proceeded to distinguish between two distinct types of scenarios, both of which may lead to

ineffective assistance of counsel claims when an attorney has failed to file an appeal on the defendant's behalf.

{¶10} One scenario involves an attorney who has, in fact, consulted with the defendant regarding an appeal. The *Flores-Ortega* Court determined that if counsel has consulted with the defendant about an appeal, the question of deficient performance is easily answered: "Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega* at 478. *Accord Garza v. Idaho*, ___ U.S. ___, 139 S.Ct. 738, 746 (2019) (stating that when a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions). The Court reasoned that if counsel's deficient performance deprives the defendant of a notice of appeal (and the resulting appeal), it has deprived him of more than just a *fair* judicial proceeding; it has deprived him of the appellate proceeding altogether. *Id.* at 483. Therefore, courts in these circumstances are to "presum[e] prejudice" when the violation of the right to counsel rendered the proceeding presumptively unreliable *or entirely nonexistent*. *Id.* at 484.

{¶11} The other scenario involves an attorney who has *not* consulted with the defendant about an appeal. Pursuant to *Flores-Ortega*, if counsel has not consulted with the defendant, courts must first determine whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id.* at 478. To determine under what circumstances counsel has an obligation to consult with the defendant about an appeal, the Court held:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

*Id.* at 480. The high court then explained:

> In making this determination, courts must take into account all the information counsel knew or should have known. [*See Strickland*] at 690 * * * (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* Next, the Court held that, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

{¶12} In other words, the *Flores-Ortega* Court ultimately held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim *entitling him to an appeal*." (Emphasis added.) *Id. See also Garza* at 747 (reaffirming the holding in *Flores-Ortega* despite the fact that Garza also signed an appeal waiver).

{¶13} Mr. Cognati argues on appeal that the trial court erred because it failed to apply the correct prejudice standard from *Flores-Ortega*. The allegations set forth in his petition were aligned more so with the first scenario contemplated by the *Flores-Ortega* Court, as Mr. Cognati claimed that he specifically instructed his counsel to file an appeal. *See* Discussion, *supra*. If these allegations were supported by evidence dehors the record and were accepted as true by the trial court, counsel's failure to follow Mr. Cognati's express instructions to file an appeal would constitute deficient performance, and prejudice would be presumed. *See Flores-Ortega* at 478, 484; *Garza* at 750 ("[W]here * * * an attorney performed deficiently in failing to file a notice of

appeal despite the defendant's express instructions, prejudice is presumed * * *."). "In reviewing a petition for post[-]conviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Calhoun*, 86 Ohio St.3d at paragraph one of the syllabus. The record is unclear in Mr. Cognati's case, however, as to whether the State disputed Mr. Cognati's affidavit and whether the trial court found it to be credible.

{¶14} Nevertheless, we must conclude that the trial court could not have granted the relief sought in Mr. Cognati's petition. Relying on *Flores-Ortega*, Mr. Cognati specifically asked the trial court in his petition to "enter an order finding that petitioner[']s sentence and conviction are void or voidable" and to "vacate or set aside the judgment and sentence * * *." Yet, while a defendant who was prejudiced by counsel's deficient performance in failing to file an appeal when instructed to do so may be "entitl[ed] * * * to an appeal" under *Flores-Ortega*, that case does not stand for the proposition that such ineffective assistance of counsel renders the underlying sentence and conviction void or voidable. *Flores-Ortega* at 484. "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 34. *Accord State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 42. This Court has recognized that the Supreme Court of Ohio has applied its void-sentence analysis in limited circumstances, and we will not extend its reach without clear direction from the Supreme Court. *See, e.g., State v. Earl*, 9th Dist. Lorain Nos. 18CA011303 and 18CA011281, 2020-Ohio-1202, ¶ 9. Furthermore, "[i]f the court has jurisdiction over the case and the person, any error in the court's exercise of that jurisdiction is voidable." *Henderson* at ¶ 34. "Neither the state nor

the defendant can challenge [a] voidable sentence through a post[-]conviction motion." *Henderson* at ¶ 43. *See also Harper* at ¶ 26, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 28 ("Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal.").

{¶15} Mr. Cognati has not directed us to any Supreme Court of Ohio cases holding that an attorney's ineffective assistance in failing to file an appeal when instructed to do so renders the defendant's underlying sentence and conviction void or voidable. *See* App.R. 16(A)(7). "Consistent with our precedent, we will not reach that result in this case." *State v. Occhipinti*, 9th Dist. Lorain No. 15CA010787, 2016-Ohio-1286, ¶ 5. Because Mr. Cognati has not shown he is entitled to the specific relief sought in his petition for post-conviction relief, we cannot say that the trial court abused its discretion in denying the petition.

{¶16} Mr. Cognati's sole assignment of error is overruled.

III.

{¶17} Mr. Cognati's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

ROCCO O. COGNATI, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.