[Cite as *Vitek v. Ward*, 2024-Ohio-5151.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF MEDINA | ) | | |

MEGAN VITEK

    Appellee

    v.

BRIAN WARD

    Appellant

C.A. No.      2024CA0005-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18DR0266

DECISION AND JOURNAL ENTRY

Dated: October 28, 2024

CARR, Judge.

{¶1}    Appellant Brian Ward appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2}    Appellee Megan Vitek and Mr. Ward married in 2014. This matter began in June 2018 when Ms. Vitek filed a complaint for divorce. In July 2018, Mr. Ward filed a separate complaint in a separate action in the same court also seeking a divorce. Neither party was served with a copy of the applicable complaint. In August 2018, an entry was filed consolidating Mr. Ward's case into Ms. Vitek's case. The entry also stated that Mr. Ward's complaint would be treated as a counterclaim. Ultimately, the matter proceeded to a final hearing, at which Mr. Ward did not appear. A judgment entry of divorce was filed June 10, 2019. Mr. Ward did not appeal.

{¶3}    On November 18, 2020, Mr. Ward filed a motion for relief from judgment pursuant to Civ.R. 60(B) and a motion to vacate the judgment as void. In January 2021, the trial court

denied the motion. Mr. Ward appealed. This Court concluded the trial court did not abuse its discretion in denying Mr. Ward's motion for relief from judgment. *Vitek v. Ward*, 2022-Ohio-1797, ¶ 8 (9th Dist.). In addition, we determined that the trial court erred in failing to consider whether Mr. Ward was entitled to relief through the trial court's inherent authority to vacate a void judgment. *Id.* at ¶ 11. The matter was remanded for the trial court to consider the issue in the first instance. *Id.*

{¶4} Upon remand, additional briefing was filed. The trial court ultimately denied Mr. Ward's motion. Mr. Ward again appealed. This Court concluded that the trial court failed to address Mr. Ward's arguments concerning the Servicemembers Civil Relief Act, sustained Mr. Ward's assignment of error on that basis, and remanded the matter to the trial court for it to consider the issue. *Vitek v. Ward*, 2023-Ohio-2235, ¶ 15-17 (9th Dist.). Thereafter, the trial court denied Mr. Ward's motion.

{¶5} Mr. Ward has appealed, raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ENTERING A DEFAULT JUDGMENT AND NOT PROVIDING A DEFENDANT DUE PROCESS OF LAW BECAUSE THE COURT DID NOT HAVE PERSONAL JURISDICTION OVER HIM, DID NOT SERVE HIM, AND THEREFORE COULD NOT ENTER JUDG[MENT] AGAINST HIM.

{¶6} Mr. Ward argues in his first assignment of error that the judgment is void as the trial court lacked personal jurisdiction over Mr. Ward and violated his due process rights.

{¶7} We pause to note that, at this stage of the proceedings, given that a decree has already been entered and not appealed and Civ.R. 60(B) relief was denied and that denial affirmed on appeal, the only way that Mr. Ward can succeed in vacating the decree is if he is able to

demonstrate that it is void. *See State v. Henderson*, 2020-Ohio-4784, ¶ 16-17. "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Cognati*, 2022-Ohio-601, ¶ 14 (9th Dist.), quoting *Henderson* at ¶ 34.

> It is rudimentary that in order to render a valid personal judgment, a court must have personal jurisdiction over the defendant. This may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure.

*Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). Thus, "[i]n order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction or committed other acts which constitute a waiver of the jurisdictional defense." *Id.* at 156-157; *see also Schumacher v. Schumacher*, 2011-Ohio-581, ¶ 11 (9th Dist.). "A request by a defendant to the trial court for leave to move or otherwise plead is not a motion or a responsive pleading contemplated by Civ.R. 7, and the obtaining of such order does not constitute waiver under Civ.R. 12(H) of any affirmative defenses, nor does it submit the defendant to the jurisdiction of the court." *Maryhew* at 154.

{¶8} Here, the parties do not appear to dispute that Mr. Ward was not served with Ms. Vitek's complaint and Ms. Vitek was not served with Mr. Ward's complaint. Service was attempted in both cases but was not successful. However, both Ms. Vitek and Mr. Ward separately filed complaints for divorce, in separate actions, in the same court, seeking essentially the same relief – a divorce from each other, which were subsequently consolidated without objection by either party. Thus, both Mr. Ward and Ms. Vitek submitted themselves to the trial court's jurisdiction in the separate actions they initiated. *See Moore v. Mt. Carmel Health Sys.*, 2020-

Ohio-4113, ¶ 34 (noting that "the plaintiff has submitted to the court's jurisdiction by filing the complaint[]"). While the trial court ultimately entered a divorce decree in the matter under the single consolidated case number, i.e. the case number of Ms. Vitek's complaint, there has been no argument that that decree failed to resolve both actions.[1] *See Transcon Builders, Inc. v. Lorain*, 49 Ohio App.2d 145, 150 (9th Dist. 1976) (concluding that consolidation does not merge the suits into a single cause of action, change the rights of the parties, or make parties in one action parties in another action). Mr. Ward has not specifically argued that the trial court lacked jurisdiction to resolve his complaint.

{¶9} Even assuming the foregoing is insufficient to establish that the trial court possessed personal jurisdiction over Mr. Ward, the record demonstrates that the trial court obtained personal jurisdiction over Mr. Ward. An August 30, 2018 magistrate's order indicates that Mr. Ward's counsel appeared and participated in a case management conference, whereas a September 7, 2018 entry about that same case management conference reflects appearances by both Mr. Ward's counsel and Mr. Ward. On September 5, 2018, Mr. Ward's counsel filed a response to Ms. Vitek's motion for spousal support pendente lite. On September 13, 2018, an agreed journal entry signed by the trial judge, magistrate, and the attorneys for both parties indicates that "the parties, by and through their respective counsel, [] hereby agree that [Mr. Ward's] counsel has accepted service on behalf of [Mr. Ward] with regard to [Ms. Vitek's] Complaint for Divorce and Motion for temporary Orders which were filed on [June 13, 2018]." In December 2018, Mr. Ward's counsel filed several motions and documents related to discovery. In January 2019, Mr. Ward's counsel filed a motion to continue a contempt hearing indicating that Mr. Ward would be

---

[1] This Court takes no position on the manner in which these cases were consolidated as this matter is not before the Court on a direct appeal of the divorce decree.

deployed in Afghanistan as a contractor until March 25, 2019. That same month Mr. Ward's counsel filed a motion to modify spousal support, a motion for an order compelling discovery, and notice of deposition duces tecum. Mr. Ward's then-counsel moved to withdraw, which was subsequently granted. Before the motion to withdraw was granted, Mr. Ward filed a document pro se, which is somewhat difficult to follow, titled "Defendant's request to be permitted to appear telephonically or via video conference" and "Defendant's request civil relief rule 62 quash writ of execution: rule 60: request to vacate order: evidentiary hearing[.]" On May 15, 2019, the day before the scheduled trial, Mr. Ward, appearing pro se, filed a motion similar to the previous pro se filing.

{¶10} Mr. Ward seems to assert that his initial counsel, who filed Mr. Ward's complaint and filings in the consolidated case through part of October 2018, lacked authority to act on Mr. Ward's behalf because he did not file a notice of appearance. Mr. Ward has not demonstrated merit to this argument. Mr. Ward's initial counsel filed a complaint on Mr. Ward's behalf, evidencing his authority to represent Mr. Ward. That case was then consolidated into Ms. Vitek's case, wherein Mr. Ward's counsel continued to represent him until sometime in October 2018. Given the circumstances, it is difficult to understand how a notice of appearance would be required.

{¶11} Given the totality of the circumstances before us, we cannot say that Mr. Ward has demonstrated that the trial court lacked personal jurisdiction over him. Mr. Ward's actions in the consolidated case were not limited to seeking leave to plead as were the defendant's in *Maryhew*. *See Maryhew*, 11 Ohio St.3d at 154-155.

{¶12} While Mr. Ward briefly sets forth Ohio law related to personal jurisdiction over a nonresident defendant, he develops no argument with respect to that law, and we decline to develop an argument for him. Instead, he appears to argue that the judgment is also void as the trial court

acted in a manner contrary to due process by failing to serve him notice of the divorce hearing and provide him the opportunity to be heard. While there have been certain instances in which this Court has noted that a judgment can be void due a lack of due process, *see Rondy v. Rondy*, 13 Ohio App.3d 19, 22 (9th Dist. 1983), Mr. Ward has not convinced this Court that what is before this Court is comparable to those instances. Moreover, in recent years the Supreme Court has stated that "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *Henderson*, 2020-Ohio-4784, at ¶ 34. Further, we note that even if the underlying issue were properly before us, Mr. Ward has not shown that the trial court lacked personal jurisdiction over him. Thus, as he was a party, Mr. Ward had a duty to keep himself apprised of the progress of the case on the docket. *In re Adoption of J.H.*, 2006-Ohio-5957, ¶ 8 (9th Dist.).

{¶13} Mr. Ward's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN NOT GRANTING A 90 STAY OR A DISMISSAL PURSUANT TO THE SCRA.

{¶14} Mr. Ward argues in his second assignment of error that the trial court's failure to comply with certain provisions of the Servicemembers Civil Relief Act requires this Court to vacate the trial court's judgment.

{¶15} He asserts that he is entitled to have the default judgment vacated pursuant to 50 U.S.C. 3931. 50 U.S.C. 3931(a) provides that the section applies "to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance." 50 U.S.C. 3931(b)(1) requires that,

> [i]n any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--

(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or

(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

**{¶16}** 50 U.S.C. 3931(g)(1) indicates that:

If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that--

(A) the servicemember was materially affected by reason of that military service in making a defense to the action; and

(B) the servicemember has a meritorious or legal defense to the action or some part of it.

However, 50 U.S.C. 3931(g)(2) states that "[a]n application under this subsection must be filed not later than 90 days after the date of the termination of or release from military service." Accordingly, nothing in the statute supports that a failure to comply with the section renders a judgment void. Instead, given that the statute provides a timeframe within which an application to vacate the default judgment can be made, it evidences that the judgment would be voidable. *See Henderson*, 2020-Ohio-4784, at ¶ 17; *see also Burke v. Osborne*, 2001 WL 803027, *2 (4th Dist. March 5, 2001) (noting a default judgment is voidable under a prior version of the statute). Accordingly, Mr. Ward cannot attack the judgment utilizing this statute.

**{¶17}** Mr. Ward also argues that he should have received a stay of proceedings. 50 U.S.C. 3932(b) states as follows:

(1) Authority for stay

At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own

motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

(2) Conditions for stay

An application for a stay under paragraph (1) shall include the following:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

50 U.S.C. 3932(b).

**{¶18}** There is nothing in the statute or in Mr. Ward's argument that evidences that a failure to comply with the statute would render a default judgment void. Thus, Mr. Ward has not demonstrated that, even if we were to assume that the statute applied to him and there was a failure to comply with it, he was entitled to have the judgment vacated at this stage of the proceedings.

**{¶19}** Mr. Ward's second assignment of error is overruled.

III.

**{¶20}** Mr. Ward's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

DANIELLE C. KULIK, Attorney at Law, for Appellant.

DAVID L. MCARTOR and KRISTOPHER K. AUPPERLE, Attorneys at Law, for Appellee.